In the Matter of the Application of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Estate Required for Riverside Drive and Parkway from One Hundred and Thirty-fifth Street to Boulevard Lafayette.

In the Matter of the Application of ELLA L. DORSETT, Respondent, for a Peremptory Writ of Mandamus against EDWARD M. GROUT, as Comptroller of the City of New York.

NEW YORK CITY — CHAPTER 665, LAWS OF 1897 — AMOUNT OF AWARD FOR LANDS TAKEN BEARS SIMPLE INTEREST ONLY. An award made under chapter 665 of the Laws of 1897 for land taken for the extension of Riverside drive in the city of New York, in which interest to the date of the report of the commissioners was added to the amount of the value of the land as damages, so that interest computed on the aggregate amount to the date of confirmation would include interest upon interest, enlarges the liability of the city, and it cannot be compelled by mandamus to pay such excess of interest since the claimant is entitled to simple interest

only upon the value of the land to the time of payment; and the fact that compound interest was erroneously demanded does not affect the claimant's rights.

*Matter of Dorsett,* 92 App. Div. 523, modified.

(Argued November 15, 1904; decided November 29, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1904, which reversed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the comptroller of the city of New York to pay to the respondent herein an amount alleged to be due to her as interest on a certain award heretofore made in her favor and granted said motion.

The facts, so far as material, are stated in the opinion.

*John J. Delany, Corporation Counsel* (*Theodore Connoly, John P. Dunn* and *Thomas C. Blake* of counsel), for appellant. Respondent is not entitled to compound interest. (*Carpenter* v. *City of New York,* 51 App. Div. 586.) The respondent was not entitled to interest on the award for damages down to the payment of the same. (*Barnes* v. *Mayor, etc.,* 27 Hun, 236; *Frederick* v. *City of New York,* 44 App. Div. 276; *Holihan* v. *City of New York,* 33 Misc. Rep. 249; *O'Keefe* v. *City of New York,* 176 N. Y. 297.)

*James A. Deering* for respondent. The respondent was entitled on July 17, 1903, to payment of the sum of $13,498.39, irrespective of any demand. (*Matter of Board of Street Opening,* 35 App. Div. 406; *Matter of Mayor,* 33 App. Div. 365; *Matter of Mayor,* 40 App. Div. 452; *Matter of East One Hundred & Seventy-fifth Street,* 49 App. Div. 114; *Matter of Mayor,* 51 App. Div. 436; *Matter of One Hundred & Fifty-eighth Street,* 39 Misc. Rep. 598; *Matter of Board of Street Opening,* 21 App. Div. 357; *Devlin* v. *Mayor, etc.,* 131 N. Y. 123; *Matter of Bassford,* 172 N. Y. 488.) As title vested in the city on September 22, 1900, the

32

award of damages to which the appellant was constitutionally entitled as just compensation included interest upon the value on that date until the date the award became due and payable. (*Detmold* v. *Drake*, 46 N. Y. 318 ; *Hamersley* v . *Mayor*, etc., 56 N. Y. 536 ; *Matter of Mayor*, etc., 40 App. Div. 281 ; *Matter of Mayor*, etc., 59 App. Div. 603 ; *Mayor*, etc., v. *Stone*, 20 Wend, 139 ; *Mayor*, etc., v. *Pentz*, 24 Wend. 668 ; *Kingsland* v. *Mayor*, etc., 45 Hun, 205 ; *Matter of Cromwell Ave.*, 96 App. Div. 424.) The respondent having on April 23, 1903, demanded payment of the award confirmed with interest from the date of the commissioners' report, and part only of such claim having been paid on July 17, 1903, was entitled to the order or mandate applied for. (*People ex rel.* v. *Fitch*, 78 Hun, 321 ; *Matter of Board of Street Opening*, 35 App. Div. 406 ; *Devlin* v. *Mayor*, etc., 131 N. Y. 123 ; *B. B. Co.* v. *M. M. C. Co.*, 18 Misc. Rep. 681 ; *Peck* v. *G. S. P. Assn.*, 21 Misc. Rep. 84 ; *McCreery* v. *Day*, 119 N. Y. 1.)

O'BRIEN, J. The relator applied to the court for a peremptory mandamus directing the comptroller of the city of New York to pay to her the sum of $225.48 as additional interest claimed by her to be due on an award made in her behalf in a proceeding to acquire lands for the Riverside drive and parkway. The court at Special Term denied the application, but upon appeal the order was reversed and the application granted

The proceeding in which the award was made was for the purpose of acquiring title to certain lands of the relator for the improvement above mentioned and was had pursuant to a special act of the legislature known as chapter 665, Laws of 1897. That act provided for the appointment of commissioners to report the value of the land required. One-half of the expense of acquiring the lands was to be assessed upon the property benefited and the balance was to be borne by the city. It is admitted that the city, under the terms of the statute, became vested with title to the land on September 22, 1900, and the commissioners were required to determine

the value of the lands upon that day. The statute provided that this value so ascertained by the commissioners should be paid to the respective owners, with interest from the day when title vested. The commissioners did report that the value of certain parcels of land owned by the relator amounted, on the day aforesaid, to $11,500. They, however, computed separately the interest due on this sum from the date on which title vested in the city to the date of their report, which was November 29, 1902, at $1,508.41, and stated that they included this interest in their report. So the aggregate sum awarded to the relator for her lands amounted at the date of the report to $13,008.41.

The controversy presented by this appeal arises over the fact that at the date of the report the interest computed by the commissioners was added to the damages, making the aggregate above mentioned, and the relator claims that interest on this amount should be paid to her from the date of the report to the time of payment, thus including in her demand interest upon interest from the time of the filing of the report. The report of the commissioners was confirmed on April 17th, 1903, and on April 23rd, following, the relator made a written demand of the comptroller requesting the payment of $13,008.41, together with interest from November 29th, 1902, the date of the commissioners' report. On July 17th, 1903, the comptroller paid to the relator the total of the damages included in the report and interest thereon to the date of the report, amounting to the gross sum already stated, and he paid to her an additional amount of $264.50 as simple interest on the value of the land fixed at $11,500, computed from November 29th, 1902, the date of the report, to July 17th, 1903, the date of the entry of the order confirming the report, amounting in all to $13,272.91. The relator claims that interest should have been computed on the gross sum contained in the report, that is, that the interest and the damages should be combined as of that day and thus a new principal formed for the computation of interest.

We think that this method of computation enlarges the

liability of the city under the terms of the statute.    It will be
seen by section 6 that two things are provided for, and the
controversy in this case arises over uniting two different and
distinct things at a certain stage, and thereafter treating them
as one and the same thing.    The two things referred to are:
1st. The value of the land, and, secondly, the interest thereon.
The duty of the commissioners was simply to ascertain and
report the value of the land.    They had nothing to do with
the question of interest, since the statute took care of that by
declaring that it should be computed from a certain date, and
although the commissioners reported the value of the land and
the interest as separate items, it did not change the situation.
The amount found as the value of the land continued to draw
interest, but not so with the item of over $1,500, which repre-
sented the interest on that value.    The two things are entirely
separate and distinct from each other and they should not be
confused or consolidated.    The relator's claim consists of the
value of her land with interest thereon computed to the date
of payment.    But she is not entitled to demand interest upon
interest from the date of the report.    The city is bound to
pay to her the value of the land and the interest thereon down
to the time that that obligation is discharged, but the demand
for extra interest, which was the only ground of her applica-
tion for the writ of mandamus, cannot be sustained.

We do not think that the relator's right to interest upon the
principal of the award, or, in other words, the value of the land,
was suspended in consequence of her demand for more than
she was entitled to.    The demand was good as a demand for
what was justly due her, and the fact that she conceived her-
self entitled to more than the statute gives her and made a
demand accordingly, does not place her in a worse position
after the demand than she occupied before.    The interest still
ran upon the sum fixed as the value of the land, but it did not
run upon the sum which the commissioners reported as the
interest on that value down to the date of their report.    As
already observed, they were not required to report the
interest, since that was determined, not by anything con-

tained in their report, but by the terms of the statute, which declared that the sum awarded as the value of the land, together with interest from the date when the title vested in the city, became due and payable by the city immediately upon the confirmation of the commissioners' report.  The relator supposed she was entitled to interest upon the interest reported by the commissioners, but in this claim we think she w.ıs mistaken.  It did not affect her right to interest upon the value of her land down to the time of payment, since that was a statutory right which was not waived or lost by reason of the erroneous demand.

The order of the Appellate Division should be modified by awarding to the relator the balance of simple interest on the value of the land taken as reported by the commissioners from the date of vesting of title in the city to the date of payment, and as thus modified, affirmed, without costs to either party.

CULLEN, Ch. J., GRAY, BARTLETT and VANN, JJ., concur; HAIGHT and WERNER, JJ., dissent.

Ordered accordingly.