In the Matter of the Application of THE MOTT HAVEN CANAL DOCKS, for Payment of an Award Made in Proceedings to Open Canal Place in the Borough of The Bronx, City of New York.

THE CITY OF NEW YORK, Appellant; THE MOTT HAVEN CANAL DOCKS et al., Respondents.

**Eminent domain — payment of interest on land taken by city of New York prior to completion of condemnation proceedings.**

The provisions of the Greater New York charter (L. 1901, ch. 466, § 990), relating to the payment of interest in cases where the city appropriates land prior to the conclusion of condemnation proceedings, involve the payment of compound interest by the city from the date of the commissioners' report. Where, however, a supplemental report was made by the commissioners making the award to unknown owners, *held*, that

interest on the value of the land should be calculated to the date of the second report, and such interest, together with the value of the land, should become a new principal on which the landowner should be awarded interest until the payment of his claim by the city.
*Matter of Mott Haven Canal Docks*, 133 App. Div. 890, modified.

(Submitted October 5, 1909; decided October 19, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 11, 1909, which affirmed an order of Special Term confirming the report of a referee in proceedings to determine the persons entitled to an award and directing payment of such award with interest.

The facts, so far as material, are stated in the opinion.

*Francis K. Pendleton*, Corporation Counsel (*Theodore Connoly*, *John P. Dunn* and *Thomas C. Blake* of counsel), for appellant. The city is not liable for interest on the sum of $46,721.96 from January 18, 1904, to date of payment. (*Carpenter* v. *Mayor, etc.*, 51 App. Div. 586; *O'Keefe* v. *City of New York*, 176 N. Y. 297; *Barnes* v. *Mayor, etc.*, 27 Hun, 236; *Matter of Montgomery Street*, 91 App. Div. 532; *Spears* v. *Mayor, etc.*, 87 N. Y. 359.) It was improper to direct the comptroller to pay interest upon the interest awarded in the commissioners' report. (*Matter of One Hundred & Seventy-fifth Street*, 49 App. Div. 114; 162 N. Y. 661; *Matter of Whitlock Avenue*, 51 App. Div. 436; 163 N. Y. 606; *Matter of Dorsett*, 179 N. Y. 496.)

*Hector M. Hitchings*, *Melvin G. Palliser* and *Welton C. Percy* for respondents. The award made by commissioners, when confirmed, has all the force, effect and attendant rights of a judgment against the city, and carries interest, as a matter of course, from its date to its payment. (*Board of Supers.* v. *City of Buffalo*, 18 N. Y. Supp. 635; *Matter of Department of Parks*, 73 N. Y. 560; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9; *De Peyster* v. *Mali*, 92 N. Y. 262; *Matter of Water Comrs.*, 195 N. Y. 502.)

CULLEN, Ch. J.   By section 990 of the Greater New York charter, relating to condemnation proceedings, where the city appropriates title to land required for streets or parks, prior to the conclusion of the proceedings the commissioners are required to allow as part of the compensation to the landowners interest from the time of vesting title to the date of their report.   Section 1001 provides for the payment of the damages awarded by the commissioners with interest from the date of their report.   Such interest is to cease, however, six months after the confirmation of the report, unless within that time demand for such damages is made upon the comptroller.   This scheme seems to necessarily involve compound interest from the date of the commissioners' report.   The proceeding before us in *Matter of Dorsett* (179 N. Y. 496) was under a special statute which did not require interest from appropriation of title to be included in the award of the commissioners, but merely required the city to pay interest on the award of the commissioners from the time of such appropriation.   In this case, however, the compounding of interest was made at too early a date.   The original report was made January 18th, 1904.   The Appellate Division sent the case back to the commissioners with directions to make the award to unknown owners.   The supplemental report made in compliance with the order of the court, instead of calculating interest up to the date of that report, stated that the award was made as of the date of the original report.   This was unauthorized.   As the interest calculated in the first report amounts to nearly $10,000, the interest on that amount for the period elapsing between the two reports amounts to a substantial sum.

The order of the courts below should be modified so that interest on the value of the land be calculated to the date of the second report, and such interest, together with the value of the land, should then become a new principal on which the landowner should be awarded interest until the payment of his claim by the city, and the proceeding must be remitted to the Special Term to make the necessary deduction, unless the

parties within ten days agree on the amount of such deduction, in which case it will be made the order of this court; neither party to recover costs in this court.

EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.