(159 App. Div. 433.)

## In re GOUVERNEUR SLIP WEST, IN CITY OF NEW YORK.

## In re HARLEM RIVER & PORTCHESTER R. CO.

(Supreme Court, Appellate Division, First Department.   December 5, 1913.)

1. EMINENT DOMAIN (§ 247*)—COMPENSATION—INTEREST.

Greater New York Charter (Laws 1901, c. 466) § 824, provides that ti-
tle to dock property acquired by condemnation vests in the city four
months after the filing of the oaths of the commissioners of estimate, and
that all awards in such proceeding should draw interest from the time
the title vested.   Section 822 makes the law relating to the taking of
private property for public streets applicable to the acquisition of dock
property, and section 1001 provides that interest shall cease to run on
sums awarded as damages six months after the confirmation of the re-
port of the commissioners of estimate, unless within that time demand
therefor shall be made upon the comptroller.   Title to petitioner's prop-
erty vested in the city August 10, 1905, and petitioner demanded payment
on February 24, 1911.   Held, that petitioner was entitled only to simple
interest from August 10, 1905, to May 9, 1910, a day six months after
confirmation of the report of the commissioners of estimate, and from
February 24, 1911, when petitioner demanded payment, to the date of pay-
ment, and to interest after such demand.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–
643; Dec. Dig. § 247.*]

2. EMINENT DOMAIN (§ 247*)—COMPENSATION—SUSPENSION OF INTEREST.

Greater New York Charter (Laws 1901, c. 466) § 1001, providing that
interest shall cease to run on awards of damages in condemnation six
months after confirmation of the report of the commissioners of estimate,
unless within that time demand therefor be made on the comptroller, is
valid, since interest accruing after confirmation is in the nature of dam-
ages for nonpayment, and since it would not be practicable for the city
to seek out each owner and tender the amount of the award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–
643; Dec. Dig. § 247.*]

Appeal from Special Term, New York County.

Petition by Harlem River & Portchester Railroad Company for
damages for property condemned by the City of New York.   From an
order requiring the Comptroller of the City of New York to pay to
the petitioner the amount of the award for property taken in condem-
nation proceedings with interest, the City appeals.   Affirmed.

See, also, 152 App. Div. 948, 137 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-
LING, and HOTCHKISS, JJ.

Benjamin Trapnell, of New York City, for appellant.
Charles J. Nehrbas, of New York City, for respondent.

SCOTT, J.   The only question raised by this appeal is as to the
amount of interest to which the petitioner is entitled.   The property
acquired is what is known as dock property, and the proceedings for
its acquisition were instituted under section 824 of chapter 466, Laws
of 1901, known as the Greater New York Charter.   By the terms of
that section title to the property acquired vested in the city of New
York four months after the filing of the oaths of the commissioners

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of estimate, to wit, on August 10, 1905. It is provided by the same section that all awards made in such a proceeding shall draw interest from the time of vesting of the title in the city of New York. It is agreed on all hands therefore that the award made to the petitioner commenced to draw interest from August 10, 1905. The question involved in this appeal is as to the amount of interest to be awarded. By the order appealed from the court at Special Term has allowed simple interest on the amount of the award from August 10, 1905, the date upon which title vested in the city, to May 9, 1910, a day six months after the confirmation of the report of the commissioners of estimate, and from February 24, 1911, the day on which the petitioner demanded payment of the award, down to the date of the payment. The petitioner appellant makes two alternative claims as to the interest to which it is entitled. It insists: (1) That interest should be added to the award from the date of vesting of the title in the city to the date of the confirmation of the report of the commissioners of estimate, and that interest should be allowed upon the sum thus obtained, thus compounding the interest; or (2) that simple interest should be allowed continuously from the date of vesting of title in the city to the date of payment.

Chapter 16 of the Greater New York Charter, dealing with dock property and the acquisition thereof, contains no separate provisions regulating the practice in condemnation proceedings; but section 822 provides that:

"The provisions of law relating to the taking of private property for public streets or places are hereby made applicable, so far as may be necessary, to the acquiring of said property."

The petitioner to support its claim for compound interest appeals to section 990 of the Charter as construed by the Court of Appeals in Matter of Mott Haven Canal Docks, 196 N. Y. 175, 89 N. E. 474. That section provides that in cases of the condemnation of real property for street purposes the board of estimate and apportionment may, under certain circumstances, fix, by resolution, the date on which title to the property to be acquired shall vest in the city of New York, and that in such cases "interest at the legal rate upon the sum or sums to which the owners, lessees, parties or persons are justly entitled upon the date of vesting of title in the city of New York, as aforesaid, from said date to the date of the report of the commissioners of estimate, shall be allowed by the commissioners *as part of the compensation* to which such owners, lessees, parties or persons are entitled." It was upon the phrase indicated by italics in the foregoing quotation that the decision of the Court of Appeals in Matter of Mott Haven Canal Docks, supra, turned. The court pointed out that inasmuch as the scheme of the section contemplated the inclusion of interest down to the date of confirmation of the report, as a part of the compensation to be awarded by the Commissioners of Estimate, it also necessarily involved the allowance of compound interest from the date of the confirmation. The court, however, referred significantly to its earlier decision in Matter of Dorsett, 179 N. Y. 496, 72 N. E. 522, observing that that case arose under a special statute "which did not require in-

terest to be included in the award of the commissioners, but merely required the city to pay interest on the award of the commissioners from the time of such appropriation."

[1] The act under which was instituted the proceeding under review in Matter of Dorsett was chapter 665, Laws 1897, providing for the acquisition of lands for the Riverside Drive and Parkway. Under the terms of the act title vested in the city of New York eight months . before the date of the confirmation of the report of the commissioners, who in their report stated the value of the land as estimated by them on the day that title vested in the city,. and then computed separately · the interest on that sum from the date of the vesting of title to the date of their report. The question in that case, as in this, was whether the person entitled to the award was entitled to compound interest from the date of confirmation of the report, or only to simple interest from the date of vesting of the title. The court held that the relator in that proceeding was entitled only to simple interest from the date of vesting of title, remarking that the commissioners of estimate had nothing to do, under the act, with the subject of interest and had no authority to include it in the compensation awarded by them, since the statute took care of that by declaring that it should be computed from a certain date. The provision as to interest contained in the statute then under consideration was precisely similar to that in section 824 of the Charter which we are called upon to construe. It provided that the commissioners of estimate should determine the value of the land on the day upon which title vested in the city of New York, and that the value so ascertained by the commissioners should be paid to the respective owners, with interest from the day when title vested.. The Matter of Dorsett therefore is a direct and controlling authority in favor of the determination of the Special Term that the petitioner is entitled only to simple interest from the date upon which title to the property acquired vested in the city of New York.

[2] The suspension of the interest allowed from May 9, 1910, to February 24, 1911, rests upon the provisions of section 1001 of the Charter. That section relates to all interest allowed upon awards for property taken by condemnation proceedings, whether simple or compound. It provides that:

"Interest shall cease to run on sums awarded as damages six months after the date of the confirmation of said report (of the commissioners of estimate) unless within that time demand therefor be made upon the comptroller."

The validity of this provision for the suspension of interest after six months, in default of a demand, is not now open to question. While so much of the interest upon the value of the property taken as accrues between the date of vesting of title and the confirmation of the report of the commissioners may be considered as a part of the compensation to the property owner, the interest that accrues after the confirmation of the report is in the nature of damages or penalty for nonpayment, and it is entirely just that a property owner who neglects for six months to make proper demand for the amount due him should be debarred from receiving interest after six months have expired, for it would not be practicable for the city to seek out each property owner

and make tender to him, nor is it required to do so. Matter of City of New York, 91 App. Div. 532, 86 N. Y. Supp. 1035. The demand made upon the comptroller on February 24, 1911, revived the running of interest from that date. Matter of Mt. Vernon Avenue, 199 N. Y. 559, 93 N. E. 1125.

The order appealed from is right and must be affirmed, with $10 costs and disbursements. All concur.