In the Matter of the Application of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title to the Dock or Wharf Property Known as Gouverneur Slip Pier West, in the Borough of Manhattan.

HARLEM RIVER AND PORTCHESTER RAILROAD COMPANY, Appellant.

**New York (city of)** — awards in proceedings for condemnation of wharves and piers — interest thereon — only simple interest from time of the vesting of title in the city can be awarded.

Upon examination of the provisions of the New York city charter (L. 1901, ch. 466) relative to the allowance of interest on an award for the condemnation of wharfage interests and easements in a pier in that city and in street opening cases (§§ 822, 824, 990, 1001), *held*, that the statute as to allowance of interest in street opening cases differs from that relating to water front rights, privileges and easements in the fact that in the former interest is to be compounded by the express direction of the statute and in the latter only simple interest can be awarded, since section 824 contains its own provisions for interest in all cases where water front rights or interests are condemned by the city. By the terms of that section, as qualified by section 1001, simple interest on awards is payable from the time of the vesting of title in the city to a date six months after the confirmation of the report, unless within that time a demand shall be made upon the comptroller, in which event simple interest continues to the day of payment.

*Matter of City of New York*, 159 App. Div. 433, affirmed.

(Argued February 25, 1914; decided March 17, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 5, 1913, which affirmed an order of Special Term directing the comptroller of the city of New York to pay to the appellant an award made to it in the above-entitled proceeding, with interest.

The facts, so far as material, are stated in the opinion.

*Benjamin Trapnell* and *Charles M. Sheaf, Jr.*, for appellant. The lower court erred in holding that peti-

tioner was entitled to simple interest only on the principal of the award, for by the express provision of section 990 of the charter, where title is vested in the city before an award is made, interest runs on the entire amount awarded, both principal and interest, from the date of the report; and if section 1001, making the right to interest dependent upon a demand, applies, section 990, conferring the right to compound interest, is also applicable. (*Matter of Minzesheimer*, 144 App. Div. 576; 204 N. Y. 272; *Matter of Mayor, etc.*, 150 App. Div. 215; *Matter of M. H. C. Docks*, 196 N. Y. 175; *Matter of East One Hundred & Seventy-eighth St.*, 107 App. Div. 22; 179 N. Y. 571.) If it be held that section 990 of the charter, in so far as it requires payment of compound interest from the date of the commissioners' report, does not apply to this case, because section 824 is exclusive, then appellant is entitled to simple interest irrespective of demand, for section 1001 cannot apply if section 990 does not. (*Matter of Cammann*, 143 App. Div. 223; *Matter of Mayor, etc.*, 96 App. Div. 424; *Matter of Board of Street Openings*, 35 App. Div. 406.)

*Frank L. Polk*, Corporation Counsel (*Charles J. Nehrbas* and *Terence Farley* of counsel), for respondent. The appellant is not entitled to compound interest. (*Matter of M. H. Canal Docks*, 196 N. Y. 175; *Matter of Dorsett*, 179 N. Y. 496.) Appellant is not entitled to interest for the period between May 9, 1910, and February 24, 1911. (L. 1901, ch. 466, § 1001; *Matter of Mount Vernon Ave.*, 199 N. Y. 559; *Matter of City of New York*, 91 App. Div. 532; *Matter of Cromwell Ave.*, 96 App. Div. 425.)

WERNER, J.    The Harlem River and Portchester Railroad Company appeals from the order herein only so far as it concerns the amount of interest which has been added to the award; and it claims interest upon one or the other

of two theories, either of which would yield a larger sum
than it received.

The court at Special Term allowed simple interest from
the vesting of title on August 10, 1905, to May 9, 1910;
the latter date marking the expiration of six months
from the time of the filing of the report of commission-
ers, and then again allowed simple interest from the 24th
day of February, 1911, when a demand was made, to the
date of the payment of the award.

It is conceded that this proceeding was instituted by the
city of New York, acting through its commissioner of
docks, for the condemnation of the railroad company's
wharfage interests and easements in a certain pier in the
East river, and that the law authorizing the proceeding
is contained in chapter 16 of the Greater New York
charter. (L. 1901, ch. 466.) That chapter relates exclu-
sively to docks, ferries, piers, slips and wharfage. Sec-
tion 824 thereof provides that in a proceeding to acquire
water front rights, privileges and easements, the title of
the owner shall vest in the city four months after the
filing of the oaths of the commissioners of estimate and
assessment; and that all the awards made in such a pro-
ceeding, for the value of the property acquired or interest
extinguished, "shall draw interest from the time of the
vesting of the title in the City of New York." One of the
theories under which the railroad company claims a larger
allowance of interest than it received is that section 824,
above referred to, embodies the only provisions of the
charter that are relevant to the question. If that is true
the remainder of the railroad company's contention must
be accepted, because simple interest computed from the
time when title vested in the city, to the date when it paid
the award, would make a larger sum than was allowed in
this proceeding. We do not think that this contention
can be upheld. Section 822, which is also a part of
chapter 16, directs that in proceedings to acquire water
front rights, "the provisions of law relating to the tak-

ing of private property for public streets or places  *  *  *
are hereby made applicable, *so far as may be necessary.*"
And when we turn to the provisions of chapter 17 of the
charter, relating exclusively to the taking of lands for
streets, we find in section 1001 thereof the provision that
"interest shall cease to run on sums awarded as dam-
ages six months after the date of the confirmation of said
report unless within that time demand therefor be made
upon the comptroller." The courts below have held that
the quoted provision of section 1001 applies to this pro-
ceeding, and we think they were right. It is doubtless
true that section 824, standing alone, would permit inter-
est to run forever; and it is plain that if section 1001
applies it limits the running of interest to a period of six
months after the date of the confirmation, unless within
that time a demand has been made. This co-ordinates
the procedure under both chapters and gives effect to a
statute of limitation that is quite as desirable in a pro-
ceeding to acquire water front rights as in a proceeding
to acquire land for a new street.

The learned counsel for the railroad company further
contends that if section 1001 is applicable, its provisions
cannot be invoked without also giving effect to section
990 of chapter 17, which directs that the interest accruing
between the vesting of title in the city and the filing of
the commissioner's report "shall be allowed by the com-
mission as a part of the compensation to which" the
claimant is entitled. Again, it must be admitted that if
the contention of the appellant's counsel is well founded,
his client has received less interest than it was entitled
to receive; but again we think the argument proceeds
from a mistaken premise. The learned counsel's presen-
tation of this point is exceedingly ingenious, but we
think it finds no support either in the provisions of the
charter or the decisions of this court. It ignores the
essential fact that section 824, which is a part of chapter
16, contains its own provision for interest in all cases

where water front rights or interests are condemned by the city. By the terms of that section simple interest on awards is payable from "the time of the vesting of title in the city." Under a statute containing precisely similar language we have held that this means simple interest upon the value of the land to the time of payment. (*Matter of Dorsett*, 179 N. Y. 496.) The only difference between the case of *Dorsett* and the one at bar is that here the provisions of the chapter relating to street openings are "as far as may be necessary" incorporated in the provisions of section 824, thus limiting the time, as above stated, during which interest shall run. The only germane provision of the chapter relating to the acquisition of lands for streets (Ch. 17) is found in section 1001, which, as stated, limits the time during which interest shall run without a special demand. There is no repugnancy between sections 822 and 824, which are found in chapter 16, and section 1001, which is found in chapter 17, for there is quite as much reason why there should be a statute of limitation in a proceeding to acquire water rights as in a proceeding to open a new street. There is no such harmony, however, between sections 822 and 824 on the one hand and section 990 on the other; to the contrary, they are quite irreconcilable. The one (Sec. 824) provides for simple interest, and the other (Sec. 990) provides for interest upon interest. Surely nothing could be more antagonistic than these two provisions.

The cases cited by counsel for appellant have no application to the proceedings at bar. They all relate to street openings. (*Matter of City of New York* [*East 178th Street*], 107 App. Div. 22; affirmed on opinion of Mr. Justice INGRAHAM, 183 N. Y. 571; *Matter of Minzesheimer*, 144 App. Div. 576; affirmed, 204 N. Y. 272; *Matter of Mayor, etc., of N. Y.* [*Grote Street*], 150 App. Div. 215; *Matter of Mott Haven Canal Docks*, 196 N. Y. 175.) In the *Mott Haven* case, Chief Judge CULLEN clearly pointed out the distinction between the street opening cases and

456 People ex rel. W. S. R. R. Co. *v.* P. S. Comm.

[210 N. Y.]                  Statement of case.                  [Mar.,

other condemnation proceedings prosecuted under different statutes. That discussion made it plain that by the express terms of section 990, which is only applicable to street opening cases, the interest accruing between the time when title vests and the time when the report of the commissioners is confirmed, must be added to the principal award as a part of the damages upon which interest is to be computed from the time of the confirmation of the report of the commissioners. In short, the difference between a street opening case and such a case as we have here, lies in the fact that in the former interest is to be compounded by the express direction of the statute and in the latter only simple interest can be awarded.

The order of the Appellate Division should be affirmed, with costs.

Willard Bartlett, Ch. J., Hiscock, Chase, Collin, Hogan and Miller, JJ., concur.

Order affirmed.