In the Matter of the Application of the LONG ISLAND RAILROAD COMPANY, Respondent, for an Order of Certiorari against JOHN F. HYLAN et al., Constituting the Board of Estimate and Apportionment of the City of New York, Appellants.

Certiorari — assessments — board of estimate and apportionment have no authority to assess benefit of street opening upon railroad right of way — action of board, though erroneous, may not be reviewed by certiorari.

1. Though the power to determine the incidence of an assessment for benefit is part of the taxing power of the State, and the exercise of that power, under delegation from the Legislature, constitutes legislative action and as such is not subject to review by the court, yet such action by a board of estimate and apportionment or assessment is void whenever it transcends the powers which have been delegated to it.

2. The local board has no power to assess for benefit through a public improvement any property which as a matter of law can derive no benefit from it. Discrimination in taxation which is palpable and arbitrary amounts to a denial of the equal protection of the law

and even a statute enacted by the Legislature providing for such discrimination is void.

3. Although the action of a board of estimate and apportionment in making an assessment for benefit may be unwarranted and erroneous it.does not follow that the court may review its action by order of certiorari. The writ, or order, of certiorari is appropriate only to review the judicial acts of inferior courts or of public officers or bodies · exercising, under the laws, judicial functions. A board of estimate and apportionment in making an assessment has no judicial function to perform when it determines what property shall be assessed. Its functions are purely legislative, and even if its act is based upon an erroneous interpretation of a contract, upon an erroneous view of the law or upon an erroneous assumption of fact the court may not review its action as if it had judicial functions.

3. The board of estimate and apportionment of the city of New York assessed the cost and expense of proceedings to acquire property for the opening and extending of a public street upon an area of assessment which comprised only the right of way of a railroad company. erroneously basing its action at least in part upon its conclusion that it could properly take such action under the provisions of a · written contract theretofore entered into between the railroad and the city. The only obligation which the railroad may have assumed rests upon agreement; its limits, if disputed, may be defined only by the courts; its enforcement, when defined, decreed only by the courts. What the city derives from grant it may not summarily seize as due to the sovereign; and under claim of delegation of legislative power, a municipal board may not assume judicial power or transform into a tax obligation what is in fact only a contractual obligation. The action of the board, therefore, was purely legislative and the courts will not review its action by certiorari.

4. If not previously annulled, the railroad company may raise the question of the validity of such action at the outset, if the city should apply to the court to have the cost of the improvement assessed upon the right of way, and if an assessment should be laid upon its property the company could raise this question upon a review of the assessment. (*People ex rel. Western N. Y. & P. R. R. Co.* v. *Adams*, 88 Hun, 122; affd., 147 N. Y. 722, approved.)

*Matter of Long Island R. R. Co.* v. *Hylan*, 210 App. Div. 761, reversed.

(Argued March 30, 1925; decided May 5, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 21, 1924, which sustained an

order of certiorari and annulled a determination of the
board of estimate and apportionment of the city of
New York fixing the area of assessment for the opening
of Archer avenue in the borough of Queens.

*George P. Nicholson, Corporation Counsel (Joel J.
Squier* and *William B. R. Faber* of counsel), for appellants.
The Appellate Division erred in annulling the resolution
of the board of estimate and apportionment providing
for the opening of Archer avenue.    (*People ex rel. Trustees
of Village of Jamaica* v. *Board of Supervisors of Queens
Co.,* 131 N. Y. 468; *People ex rel. Corwin* v. *Walter,* 68
N. Y. 403; *Matter of Standard Bitulithic Co.,* 212 N. Y.
179; 161 App. Div. 191; *People ex rel. Savage* v. *Board
of Health,* 33 Barb. 344; *People ex rel. Moore* v. *Mayor,*
*etc., of New York,* 5 Barb. 43; *People ex rel. Agnew* v.
*Mayor, etc., of N. Y.,* 2 Hill, 9; *Matter of Mount Morris
Square,* 2 Hill, 14; *People ex rel. Second Ave. R. R. Co.* v.
*Board of Comrs. of Parks,* 97 N. Y. 37; *People ex rel.* v.
*Supervisors of Livingston Co.,* 43 Barb. 232; 34 N. Y. 516;
*Matter of Carp,* 179 App. Div. 387; 221 N. Y. 643; *Matter
of Sherman,* 76 Misc. Rep. 45.)    The part of the resolution
of March 31, 1922, fixing the area of assessment, is as
exclusively legislative in character as the part thereof
authorizing the acquisition of title, and, therefore, certio-
rari will not lie to review the resolution in so far as the
area of assessment is concerned.    (*People ex rel. Hagerty*
v. *McClellan,* 107 App. Div. 272; *People ex rel. O'Connor*
v. *Supervisors,* 153 N. Y. 370; *People ex rel. Hotchkiss*
v. *Supervisors,* 65 N. Y. 222; *People ex rel. Savage* v.
*Board of Health,* 33 Barb. 344; *People ex rel. Moore* v.
*Mayor, etc.,* 5 Barb. 43; *Matter of City of New York,*
81 Misc. Rep. 541; *People ex rel. Copcutt* v. *Board of
Health,* 140 N. Y. 1; *People ex rel. Trustees* v. *Board of
Supervisors,* 131 N. Y. 468; *People ex rel. North* v.
*Featherstonhaugh,* 172 N. Y. 112; *Matter of Standard
Bitulithic Co.,* 212 N. Y. 179.)    A certiorari order is not

only not authorized by the Civil Practice Act, but that act prohibits a certiorari order in this case. (*People ex rel. Kennedy* v. *Brady,* 166 N. Y. 44; *People ex rel. Second Ave. R. R. Co.* v. *Board of Comrs. of Parks,* 97 N. Y. 37; *People ex rel. S. & U. H. R. R. Co.* v. *Betts,* 55 N. Y. 600; *People ex rel. Trustees* v. *Board of Supervisors,* 131 N. Y. 468; *People ex rel. North* v. *Featherstonhaugh,* 172 N. Y. 122; *Matter of Standard Bitulithic Co.,* 212 N. Y. 179; *People ex rel. Hagerty* v. *McClellan,* 107 App. Div. 272; *People ex rel. Crane* v. *Hahlo,* 228 N. Y. 309; *People ex rel. Uvalde A. Paving Co.* v. *Seaman,* 217 N. Y. 70.)

*Alfred A. Gardner* and *Joseph F. Keany* for respondent. The action of the board of estimate and apportionment is on its face palpably arbitrary and an abuse of power. (*People ex rel. W. N. Y. & P. R. R. Co.* v. *Adams,* 88 Hun, 122; 147 N. Y. 722.) Review by certiorari order is the proper remedy. (*LeRoy* v. *Mayor, etc., of New York,* 20 Johns. 430; *People ex rel. Porter* v. *City of Rochester,* 21 Barb. 656; *People ex rel. Connelly* v. *Reis,* 109 App. Div. 748; *People ex rel. N. Y., W. & B. R. Co.* v. *Waldorf,* 168 App. Div. 473; 217 N. Y. 96; 217 N. Y. 99.) The argument of the corporation counsel in the court below, that the action of the board of estimate and apportionment can be reviewed in the proceeding to acquire title and, therefore, cannot be reviewed by certiorari, is not sound. (*Matter of City of New York* [*Pugsley Ave.*], 218 N. Y. 234; *Matter of City of New York* [*225th St.*], 150 App. Div. 223; *Hassin* v. *City of Rochester,* 65 N. Y. 516; *Ellwood* v. *City of Rochester,* 122 N. Y. 229; *Matter of City of New York,* 77 App. Div. 136; *Matter of East 161st Street,* 52 App. Div. 478.)

LEHMAN, J. On or about March 31st, 1922, the board of estimate and apportionment of the city of New York assuming to act under and pursuant to powers conferred

upon it by the provisions of section 970 of the Greater New York charter, adopted a resolution which authorized proceedings for the acquisition by the city of New York of the title to the real property required for the " opening and extending of Archer Avenue from Sutphin Boulevard to New York Boulevard." In that resolution it was provided among other things that " the compensation to be made to the owners of the real property to be acquired shall be ascertained and determined by the Supreme Court without a jury; " and that the whole cost and expense of the proceedings " shall be assessed upon the property within the areas of assessment hereinafter determined." The area of assessment, fixed in the resolution, comprised only the right of way of the Long Island Railroad Company. Thereafter the Long Island Railroad Company upon a petition which alleged that " the action of the board of estimate and apportionment in creating said area of assessment is illegal, void, palpably arbitrary and is a plain abuse of power " obtained from the Supreme Court an order of certiorari to review the action of the board of estimate and apportionment in adopting the resolution and fixing the area of assessment. Upon the hearing, after return · made by the board of estimate and apportionment, the Appellate Division ordered that " the said certiorari order be and the same hereby is sustained and that the determination of the respondents hereby reviewed be and the .same hereby is in all things annulled."

The Legislature has provided in section 970 of the Greater New York charter that " the real property benefited by the improvement may be assessed for the benefit and advantage derived therefrom." The cost of the improvement must be assessed by the court " upon such real property as the Board of Estimate and Apportionment may deem to be benefited thereby." There can be no doubt that ordinarily the courts of this State will not by writ or order of certiorari review action

taken by a local governmental body in fixing an area of assessment pursuant to authority delegated to it by the Legislature. Whatever may have been the earlier practice, at least since the case of *Matter of Mount Morris Square* (2 Hill, 14), the courts have refused to issue a writ directed to such body to review such action. In considering a somewhat similar application, this court has stated in *People ex rel. Trustees of Village of Jamaica* v. *Board of Supervisors, Queens County* (131 N. Y. 468, 471): " When the action of a public officer, or of a public body, is merely legislative, executive or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari; and so it has been so often held that the rule has become elementary " (citing *People ex rel. Agnew* v. *The Mayor, etc., of N. Y.*, 2 Hill, 9; *Matter of Mount Morris Square*, 2 Hill, 14, and other cases). Further discussion or a multiplication of authority for a rule which has long been regarded in this State as elementary would serve no useful purpose. Even though in the case under consideration the courts below have granted the order of certiorari and have assumed a right to review the action of the board of estimate and apportionment, they have not done so in disregard of the rule. They recognize its existence but have held that it does not apply under the extraordinary circumstances of this case.

Undoubtedly the circumstances of this case are extraordinary. The board of estimate and apportionment has assumed to assess the entire cost of a public improvement upon the right of way of a railroad company though, as a matter of law, a railroad right of way can derive no benefit from such an improvement. (*N. Y., N. H. & H. R. R. Co.* v. *Village of Port Chester*, 149 App. Div. 893; affd., 210 N. Y. 600; *Matter of City of New York [Juniper Ave.]*, 233 N. Y. 387.) Though the power to determine the incidence of an assessment for benefit is part of the taxing power of the State (*People ex rel. Griffin* v. *Mayor, etc.*,

*of Brooklyn,* 4 N. Y. 419), and the exercise of that power, under delegation from the Legislature, constitutes legislative action and as such is not subject to review by the court (*Matter of Baldwin Street,* 169 App. Div. 128; affd., 218 N. Y. 636), yet such action by the board of estimate and apportionment is void whenever it transcends the powers which have been delegated to it. It is clear that the local board has no power to assess for benefit through a public improvement any property which as a matter of law can derive no benefit from it. The Legislature should not be deemed to have intended to grant such power, if indeed it could do so without violation of the Constitution. (*N. Y., N. H. & H. R. R. Co.* v. *Village of Port Chester, supra.*) Discrimination in taxation which is palpable and arbitrary amounts to a denial of the equal protection of the law and even a statute enacted by the Legislature providing for such discrimination is void. (*Norwood* v. *Baker,* 172 U. S. 269; *Kansas City Southern Ry. Co.* v. *Road Improvement District No. 6,* 256 U. S. 658.) The resolution itself shows that the board of estimate and apportionment did not base its action solely upon the power delegated by the Legislature; for the resolution recites that the entire cost of the street opening is imposed upon the railroad right of way " pursuant to the terms of the agreement between the city of New York and the Long Island Railroad Company dated July 21st, 1911." It was because the attempted action of the board of estimate and apportionment is based, at least in part, upon its conclusion that it could properly take such action under the provisions of a written contract that the Special Term granted the order of certiorari, and it was because the Appellate Division held upon the return that the provisions of the contract did not justify this action that it vacated the determination.

We agree fully with the Appellate Division that the board of estimate had no power under the charter and derived no power from the contract between the parties

to pass this resolution. That contract made provision for changes in the Long Island railroad tracks and the elimination of grade crossings which could not be carried out without the co-operation of the city through the closing of certain streets. Each party to the contract intended to secure benefits therefrom, each party assumed obligations thereunder. Among the obligations which the Long Island Railroad Company assumed was to " cede to the ' City ' for street purposes where it now owns or may acquire land for the extension or opening of Archer Place from Van Wyck Avenue to Division Street * * * In case the ' Long Island ' is unable to purchase the land required for the extension of Archer Place * * * the ' City ' may acquire the same by condemnation proceedings, and the ' Long Island ' will reimburse the ' City ' for the expense of such condemnation." Only in this clause of the agreement does the Long Island Railroad Company assume any obligation to pay any expense of condemnation of land required for the extension of Archer avenue. In passing we may remark that this obligation does not include reimbursement to the city for the expense of the condemnation of land required for such extension beyond Division street; but whatever may be the limits of that obligation it may not be enforced by the imposition of an assessment in the condemnation proceedings. The imposition of a tax or assessment constitutes an exercise by the sovereign of the power to compel the subject to pay the expense of lawful governmental action. This sovereign power may be exercised by a local or municipal officer or body only when delegated by the Legislature. It rests upon the will of the sovereign and when exercised in accordance with statute and Constitution, it binds the subject without agreement. The only obligation which the Long Island railroad may have assumed rests upon agreement; its limits, if disputed, may be defined only by the courts; its enforcement, when defined, decreed only by the

courts.  What the city derives from grant, it may not
summarily seize as due to the sovereign; and under claim
of delegation of legislative power, a municipal board
may not assume judicial power or transform into a tax
obligation what is in fact only a contractual obligation.
The promise of the Long Island Railroad Company to
pay the expense of condemnation proceedings to acquire
land for the extension of Archer avenue to a designated
point was made in consideration of other promises made
by the city.  It does not show that the railroad right
of way would derive benefit from this extension or change
the rule that as a matter of law, the right of way could
not derive benefit from such a public improvement and
the cost of the improvement may, therefore, not be
imposed upon it by a body having legislative functions,
through exercise of the taxing power delegated to it.

Though the circumstances under which the resolution
was passed are extraordinary and perhaps show that the
board of estimate and apportionment proceeded upon an
erroneous view of the rights which the city acquired by
contract with the Long Island Railroad Company, it
does not follow that the court may review its action by
order of certiorari.  " The writ of certiorari is appro-
priate only to review the judicial action of inferior courts
or of public officers or bodies exercising under the laws
judicial functions; and there is no authority to be found
in the reports of this State sanctioning its use for any
other purpose.  *  *  *  In all the cases cited by the
learned counsel for the relators in support of this writ,
the board or officers whose action was reviewed by
certiorari had some judicial function to discharge, and
hence they are all distinguishable from this." (*People
ex rel. Trustees of Village of Jamaica* v. *Board of Super-
visors, supra,* p. 471.)  What this court there said of the
writ of certiorari applies equally to an order of certiorari
which takes the place of a writ.  The board of estimate
and apportionment " under the law " has no judicial

function to perform when it determines what property shall be assessed. Its functions are purely legislative. If its action does not transcend the powers lawfully delegated to it, the courts may not review the exercise of its discretion; if it transcends its powers its action is void, just as action by the Legislature itself, beyond its powers, would be unconstitutional and void. It may have based its attempted action upon an erroneous interpretation of a contract, upon an erroneous view of the law or upon an erroneous assumption of fact but its functions are still legislative and not judicial and the court may not review its action as if it had judicial functions. The writ or order of certiorari is issued only where the courts at common law or by statute have a right to review the action of an inferior court or of a public officer or body. The courts of this State have no right to review legislative action and where a public body to whom no judicial functions have been intrusted has assumed to exercise such function, no review of the propriety of its action by the courts through certiorari would ordinarily serve any useful purpose; for attempted action of a public body without power is void and may be attacked for want of jurisdiction at any time when an attempt is made to enforce claims founded upon such action. (*Matter of City of Buffalo,* 78 N. Y. 362; *Matter of Department of Public Parks,* 85 N. Y. 459.)

In the present case even though the board of estimate and apportionment acted erroneously the courts could not set aside its action if within its powers. (*Matter of City of New York,* 210 N. Y. 451.) The courts are concerned only with the question of whether the official action came within the jurisdiction of the board. If the board was without jurisdiction, its purported action was entirely ineffective. Even though not previously annulled, the relator may raise this question at the outset if the city should apply to the court to have the cost of the improvement assessed upon the railroad right of way; if

an assessment should be laid upon its property the relator could raise this question upon a review of the assessment as was done in *People ex rel. Western N. Y. & P. R. R. Co.* v. *Adams* (88 Hun, 122; affd., on opinion below, 147 N. Y. 722). Though the courts will not review the action of a public body which has no judicial function, they will give no validity to the attempted action, whatever may be its character, of any public body acting without jurisdiction.

The orders of the Appellate Division and Special Term should be reversed, with costs, and application for order of certiorari denied.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., absent.

Orders reversed, etc.