Guy A. Graves, J.
Under CPLR article 78, petitioner seeks a judgment "interpreting a written agreement between the *377 Saratoga Springs Police Protective and Benevolent Association (PBA) and the City of Saratoga Springs” (City) and such other relief as may be proper.
The petitioner is a city police captain with a grievance consisting of a refusal in writing by the chief of police (C.P.) and commissioner of public safety (CPS) to grant his request for a change of shift from midnight to 8:00 a.m. to 8:00 a.m. to 4:00 p.m. Petitioner presented his grievance to the chief of police and commissioner of public safety with the above result and then to the PBA which voted to support his grievance. Thereafter, in accordance with petitioner’s version of a contract between the PBA and City, the grievance was presented to the city council which conducted a hearing and, in short, refused to act on the grounds, essentially, that the contract was in conflict with the city charter and that city council had no authority to act.
That the City has the power to contract with the PBA under subdivision 1 of section 20 of the General City Law, and provisions of the Public Employees Relations Act and the Civil Service Law is undisputed; the questions herein devolve to whether certain paragraphs of the subject contract, in effect, impose on the city council an enforceable duty to vote on and determine by resolution a grievance raised by a member of the city police department.
In the contract, the paragraph headed "Grievance” in pertinent part provides, as follows:
"The grievance and dispute procedure shall be as follows: Any disputes or grievances concerning the interpretation and/ or application of the terms of this agreement shall be processed according to the following procedure:
"(a) A grievance will be presented to the following person(s) by the aggrieved person in the order listed below:
"1. The immediate supervisor;
"2. The Chief of Police;
"3. The CPS;
"4. The PBA.
"In any grievance procedures, the aggrieved party shall have the right to legal counsel.”
The procedure defined therein was followed by petitioner, without success.
The next paragraph in the contract headed "PBA Representatives” provides as follows: "The City recognizes the right *378 of the PBA to designate two representatives to appear on its behalf to discuss salaries, working conditions, grievances, disputes as to the terms and conditions of any agreement and to visit patrolmen during working hours. Such representatives may appear before the CPS in his representative capacity for the officer of the PBA. Such representatives shall also be permitted to appear at public heárings and before City Council upon request by the PBA.”
Petitioner was afforded the right to present his grievance to the city council, which chose not to act. Construed literally, the contract gave petitioner the right to have an appearance to "discuss” his grievance — nothing more. Nowhere in the contract is it spelled out that the city council shall be the forum of last resort, with a decision required. If a favorable decision was not obtained prior to a "discussion” before the city council, persons in petitioner’s position with a grievance, were afforded, in effect, a procedure without an express remedy.
Although, practically speaking, it seems to afford a meaningless right, the contract, as indicated, merely provides for an appearance before and not a decision by the city council. Therefore, this provision cannot be construed as a violation of the city charter (Saratoga Springs City Charter, L 1915, ch 229, as amd by L 1916, ch 229) which in section 20 headed "Commissioner of Public Safety” states in part that "He shall have the following powers and duties, as head of the public safety department: To manage and care for the lands * * * and work of the * * * police and correction departments”; and which further provides in part in section 62 headed "Police” that the "number * * * of the police force and the salaries may be determined by the council. The commissioner of public safety shall appoint the members, and designate their grades and duties.”
The contractual right of an appearance before the city council, then, does not constitute an interference with the powers delegated to the CPS to designate duties, including of course hours and working shifts.
If otherwise was intended by the negotiators of the contract, it was clearly not expressed in the contract, nor can it be implied, since to uphold petitioner’s position and demand would in effect require this court to direct the city council to render a decision by resolution in what is purported to be a grievance proceeding.
*379 Although certiorari is appropriate to review the judicial or quasi-judicial action of a body or officer (Matter of Long Is. R. R. Co. v Hylan, 240 NY 199; People ex rel. Trustees of Vil. of Jamaica v Board of Supervisors of Queens County, 131 NY 468), no statutory or case authority has been submitted or can be found for the proposition that the court can mandate the passage of a formal resolution by the city council in a matter of this nature. Neither the contract nor statute nor city charter imposes such a duty on that body which would justify a mandamus issuing.
Petitioner’s application is denied.