## JACOB H. FAIRBANKS & others *vs.* MAYOR & ALDERMEN OF FITCHBURG.

Worcester. Oct. 8, 1881. — Jan. 3, 1882. LORD & ALLEN, JJ., absent.

If the petition for a writ of certiorari to quash an order of the board of mayor and aldermen of a city sets forth the record and alleges extrinsic facts, the respondents may in their answer controvert such facts or allege other facts which avoid their effect, although the persons composing the board at the time the order was passed and when the answer is made are not the same, if such facts must have been passed upon in passing the order, and are within the knowledge of the persons making the answer.

It is no objection to a sewer assessment, which recites that a certain sum was expended in constructing the sewer, that in fact the sewer in question and a sewer in another street were constructed together, if the cost was substantially the same by the linear foot, and the whole cost and the length of the sewer in question appear.

It is no objection to a sewer assessment that a person, residing on another street, whose drain does not enter into the sewer in question, has not been assessed, if it appears that the two sewers, although built together, are distinct, and that no part of the expenses of constructing the one have been assessed upon the persons benefited by the other.

It is no objection to a sewer assessment that a person, whose private drain runs into another private drain, which leads to the sewer, is not assessed, if it appears that such use of the sewer is merely by a revocable license.

An answer to a petition for a writ of certiorari should state facts, and not matters which the respondents deem will occur; but such an irregularity affords no ground for granting the writ, if, after such averments are struck out, the answer discloses sufficient grounds for dismissing the petition.

The record of an order laying a sewer assessment purported to be passed by the board of mayor and aldermen of a city, and was signed by the city clerk. By the charter of the city, the mayor was entitled to preside at the meetings of the aldermen, and the clerk was the recording officer of the board. *Held,* that the distinct act of the mayor in approval was not required.

Under the Gen. Sts. *c.* 48, § 4, the time within which an assessment upon persons benefited by a common sewer may be made is within the discretion of the board whose duty it is to make the assessment.

PETITION for a writ of certiorari to quash the proceedings of the mayor and aldermen of the city of Fitchburg, in assessing a proportionate part of the cost of a sewer in Willow Street in that city. Hearing before *Devens,* J., who reserved for the consideration of the full court the case which appears in the opinion.

*E. P. Loring,* for the petitioners.

*H. C. Hartwell,* for the respondents.

DEVENS, J. The questions reserved arise on the allegations of the petition, the competency and admissibility of those portions of the answer which the petitioners moved to strike out, and, upon the whole case, whether the writ of certiorari ought to issue.

The petition does not seek to quash the proceedings only for reasons apparent of record, but also on account of certain facts not appearing thereby which it sets forth. It prays that the mayor and aldermen for the time being may certify and bring before the court the record of a former board relating to the location of a sewer in Willow and Green Streets, the construction of the same, and the order of assessment on the petitioners, to the end that such order may be quashed. It is contended on behalf of the petitioners, that, as the board for the time being is not the one that laid the assessment, it can only answer by producing the record called for; that, as no facts have been found by the present board in connection with the record adjudication, it can here allege none; and that so much of the answer as alleges the existence of certain facts which conflict with those stated by the petitioners, or by which the effect of those stated is sought to be avoided, is irrelevant, and should have been stricken out of the answer.

Where a return is made by an inferior tribunal of its proceedings as recorded, if made by a tribunal composed of the same persons before whom the proceedings took place, it may be accompanied by a statement of all its findings in matters of fact; and these cannot be disputed, even when the same do not appear on the record, if they are within the jurisdiction of the tribunal. Those composing the tribunal may also in addition to their return allege and prove extrinsic facts which may tend to show that substantial justice does not require the proceedings to be quashed. While the petitioner cannot introduce evidence to contradict the record or return in matters of fact, this extrinsic evidence, if presented, may be rebutted by him. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, and cases cited. *Tewksbury* v. *County Commissioners*, 117 Mass. 563.

The mayor and aldermen for the time being have answered over their own hands certifying the records and proceedings called for by the petition, and have also incorporated in the

answer a statement of certain facts connected therewith which conflicts with or avoids that made by the petition. It was moved by the petitioners that everything should be struck from the answer except that which related to the record, as "being irrelevant, immaterial, and inadmissible, and not responsive to the prayer of the petition, and not being matters within the jurisdiction of the respondents, and therefore not properly embraced in their answer." This for the reason that the matter set forth was only within the jurisdiction of their predecessors.

That in some form a board which succeeds another, and is charged with the same duties and responsibilities with that whose action is sought to be quashed, must be admitted to meet and controvert the allegations by which this is attempted by proving what was passed upon or found by their predecessors, is apparent. Were it otherwise, the acts of inferior tribunals, many of which are elected annually, would be constantly liable to be quashed as soon as the particular board was dissolved which constituted the tribunal at the time of the order or judgment, upon some allegation of fact tending to show irregularity in its proceedings.

As petitions of this nature are usually directed against the action of a board still existing, which may therefore not only return the record, but also the facts proved before it and rulings made by it which are necessary for the determination of the case, this question has not heretofore arisen. The remedy sought by certiorari must be promptly invoked, and had there been any reasonable opportunity to have filed the petition before the term of the aldermen composing the board, whose order is complained of, had expired, we should probably have felt it our duty to hold that the petitioners had waived or lost their right to file it. The order complained of by the petitioners was passed, December 21, 1880, by the preceding board, and it does not appear that any notice of the assessment made thereby was served until January 13, 1881, after the incumbency of the present board. There was, under these circumstances, no delay in the action of the petitioners.

While the individuals composing a board like that of the aldermen of a city change, the tribunal is itself a continuous one. As an existing board is charged with the duty of executing the

order of its predecessor or of reversing it, the basis upon which
it rests, the facts which may fairly be deemed to have been
proved, or the rulings of law made, are all for its consideration.
As the existing board may ordinarily reverse an order, it is not
to be inferred that such order is executed blindly.   If the order
of its predecessor is proceeded with, the board reaffirms and
makes such order its own, and thus adopts the findings and rul-
ings which appear to have been made and which in its view
justifies such an order.   It may therefore return them under the
official oath of its members as a part of its official return.    It is
not limited, as the petitioners contend, merely to bringing in the
official record which has come to it from its predecessor, to the
end that, while proper upon its face, such order may be quashed
on the allegations they have seen fit to make.   If those allega-
tions relate in matter of fact or law to that which must have
been dealt with in passing the order, the existing board must be
held to have also examined and dealt with them before or while
executing it.   The official oath of the members composing the
existing board should therefore be allowed to meet such allega-
tions directly, or by the statement of such other facts as avoid
their effect, if such must have been passed upon in passing the
order.   If this is not so, unless a record could be so framed as
distinctly to negative every ground upon which one is assailable
(which is obviously impossible), it might always be brought in
question upon allegations of a character similar to those here
made.

As the uniform practice of the court is to hear the whole case
on the petition, we proceed to consider what are the facts re-
turned in connection with the record.   It will be seen that they
are in all instances statements of fact of which the existing
board must have been cognizant equally with its predecessor,
and that it might properly assert them as having formed the
basis of the adjudication.

1. The petition alleged that the city of Fitchburg had not
expended $2947 in constructing a sewer in Willow Street, nor
any other sum which could be definitely stated.   The allegation
of the answer directly meets this by averring that the two sewers
in Willow Street and Green Street were constructed together,
that the cost of the sewers in both streets was substantially the

same per lineal foot, and then states the whole amount, and thus the cost per foot. The amount assessed is thus shown to have been far less than that expended, and this must be within the knowledge of the existing board.

2. The petitioners aver that Mary F. Sawyer and others had estates on Green Street, and had entered their private drains into the Green Street sewer, and had not been assessed therefor. This is directly met by the allegation that, although built together, the sewers in Willow Street and in Green Street were treated as distinct works; that no part of the Green Street sewer was assessed on the petitioners; and that, when the assessment upon the Green Street sewer should be laid, Sawyer and others would be then assessed. Although the latter clause is in form an expression of opinion as to what would occur, the substantial allegations meet directly those made by the petitioners, and show that there might properly be no assessment for the Willow Street sewer on those persons.

3. The petition alleges that Stratton and others are benefited and are not assessed, knowingly and designedly, wherefore the assessment is void. The benefit to them is occasioned, as alleged, by their being allowed a private drain, which runs into the sewer at the corner of Willow and Green Streets. The answer meets this by stating that these persons have only a revocable license to use a private drain which through another private drain leads into the Green Street sewer; that other sewers are contemplated by which their estates will be drained. The fact that persons have only a revocable license where it is not contemplated that they shall permanently avail themselves of the sewer, does not render it necessary that they should be included in an assessment. While work of this character proceeds in a city, temporary arrangements may certainly be made without rendering the persons in whose favor they are made liable for the cost of the sewer which affords them only temporary accommodation.

In two instances in the course of their return, the respondents have set forth matters which they deem will occur: that when the Green Street sewer is completed an assessment will be laid on Sawyer and others, and that the revocable license to Stratton and others will be revoked. This is irregular, and we have

disregarded those allegations.   The return should be of existing facts, or those which have heretofore appeared.   Had the motion been simply to strike those allegations out, it should have been granted.   But the object of the motion and the reservation of the judge below on this part of the case were to bring up the main question we have already discussed, and upon it we see no sufficient ground for the issue of a writ of certiorari.   In cases of this character it is peculiarly desirable to deal with the substantial justice of the case, untrammelled by defects in the record or in the pleadings.   *Farmington River Water Power Co.* v. *County Commissioners, ubi supra.*

Other objections to the proceedings of the board are made which appear upon the face of the papers.

It is alleged that the assessment was never made by the mayor and aldermen; but an examination of the record as produced shows otherwise.   Of the board of aldermen, over which the mayor was entitled to preside under the city charter of Fitchburg, the city clerk was the recording officer, and the assessment was made at one of its sessions.   This is not one of those cases in which the distinct act of the mayor in approval is required. St. 1876, *c.* 193.

The objection that the assessment was not made within a reasonable time, is also strongly urged, and is important.   It involves the inquiry whether there is any limitation of the time within which an assessment may be made except that which the assessing tribunal shall deem reasonable, or whether, in the absence of a positive statutory limitation, this court can interpose to quash the proceeding upon the ground that in its opinion there has been an unreasonable delay in making the assessment.

The sewer was finally completed in 1874, and the petitioners were assessed for the first time in August 1878.   This assessment was quashed in July 1880, because it included a part of the cost of a sewer in another street built several years before, for the cost of which at the time of its construction no assessment was made upon the owners of estates benefited thereby. See *Brown* v. *Mayor & Aldermen of Fitchburg*, 128 Mass. 282. The assessment now in question was made in December thereafter.

No intent appears from the Gen. Sts. *c.* 48, § 4, to restrict the assessing board by any positive rule as to the time of making the assessment. It is impossible for us to introduce one, or to adjudge a delay so unreasonable as to require judicial interposition, without something very like legislation on our part. Where the Legislature has deemed necessary that a definite time should be fixed within which assessing boards should act, it has made a positive rule to govern them. Thus, under the betterment act, St. 1871, *c.* 382, § 1, within two years after the laying out of the street, the value of the benefit must be determined, and a proportional part, not exceeding one half, assessed on those liable thereto. When authority is given to make a similar assessment, and no limitation of time is fixed within which the assessing board must act, it must be held that the Legislature has confided to the discretion of the board the duty of deciding conclusively when the assessment shall be made. Cases may readily be conceived where great delays may be necessary, and of the propriety of such delay the assessing board alone must judge until its authority is distinctly restricted. Under a similar statute the precise point here raised was passed upon by the Court of Queen's Bench. *Bradley* v. *Greenwich Board of Works*, 3 Q. B. D. 384.

The petitioners put much stress upon certain expressions to be found in opinions of this court to the effect that the cost of the construction of sewers should be promptly assessed. *Boston* v. *Shaw*, 1 Met. 130, 136. *Wright* v. *Boston*, 9 Cush. 233. There is no occasion to qualify these remarks. They express the view of the judges who uttered them as to what is required from assessing boards by a proper conduct of the public affairs entrusted to them. They do not assume to lay down a legal rule as to their obligations, nor intimate that the time when the assessment is to be made is left otherwise than to the exercise by them of a sound discretion.          *Petition dismissed.*