In the Matter of the Petition of ANNIE E. BROWN to vacate an Assessment.

(Decided December 20th, 1886.)

The fact that an assessment for a street improvement was not made and confirmed for thirteen years after the finishing of the work will not invalidate the assessment as to one who purchased prior to such confirmation, believing that the assessment was paid, it appearing that upon inquiry the fact of non-payment could have been discovered.

APPEAL from an order of this court denying a petition to vacate an assessment.

The facts in this case, differing from the preceding case, are stated in the opinion.

*James A. Deering*, for appellant.

*G. L. Sterling*, for respondent.

BOOKSTAVER, J. — This case differs only from the *Matter of Deering*, in that the petitioner became the owner of the property assessed in 1885, before the assessment was con-

firmed, believing, as she alleges in her petition, that the same had been laid and paid long before that time.

This belief, we think, cannot avail her upon this appeal. She does not show that she made any inquiry upon the subject; and, as pointed out in the opinion filed in the Deering matter, if she had done so, she could have discovered that the assessment had not been laid, nor the improvement paid for. Had she taken title to the lots in question, believing that the same were free from all encumbrance, and it had afterwards turned out that a valid mortgage on the same was unsatisfied of record, in the register's office, she could not be heard to claim that, because of her belief that the lots were free, the lien of the mortgage ought not to be enforced against them. Nor, if she had taken title to the lots from a man, believing him to be unmarried, when, in fact, he was married, could she, because of her belief, deprive the widow of such a man of her dower.

We are therefore of opinion that the order should be affirmed, with costs.

ALLEN, J., concurred.

Order affirmed, with costs.