(62 Misc. Rep. 134.)

### CITY OF GLENS FALLS v. McMULLEN.

(Supreme Court, Trial Term, Warren County. January, 1909.)

**1. MUNICIPAL CORPORATIONS (§ 516*)—LOCAL IMPROVEMENTS—PAVING ASSESSMENT.**

Trustees of a village proceeded regularly to levy an assessment for paving a city street, having jurisdiction of the subject-matter and the persons assessed. *Held,* that their action was not subject to collateral attack.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 516.*]

**2. MUNICIPAL CORPORATIONS (§ 516*)—LOCAL IMPROVEMENTS—PAVING ASSESSMENT.**

It is no defense to an action by a municipality to recover a paving assessment that the amount expended during the fiscal year for street paving was more than one-half the amount raised for street purposes, nor that the landowner was compelled to pay for paving a portion of the street not abutting on his land, or beyond the center of the street.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 516.*]

Action by the City of Glens Falls against Arthur L. McMullen. Judgment for plaintiff.

Lyman Jenkins, for plaintiff.

James S. Kiley, for defendant.

VAN KIRK, J. This action is brought to recover $215.49, which is the amount assessed against the property of the defendant for paving upon South street, in the city of Glens Falls, between School and Third streets. On May 3, 1907, the board of trustees of the village of Glens Falls determined in regular form to pave South street, from School street to Third street, with sheet asphalt, at the joint expense of the village and the owners of the adjoining property; one half thereof to be paid by the owners of the adjoining land, and the other half by the village. This pavement was completed on November 18, 1907, at a total expense of $23,340.46.

Immediately after the completion of the paving, the board of trustees (the taxing body) served a notice of at least 10 days upon the defendant and other owners of property adjoining the street to be paved, stating the expenditure which had been made for the paving and the amount, and also stating that at a specified time and place the board of trustees would meet and make an assessment upon the adjoining land. The board of trustees met at the time and place specified, and the defendant appeared. The board heard and determined all objections made to the assessment, including the amount thereof; and, if this defendant made any objections, they do not appear in the record in this case. The amount so assessed was fixed by the board of trus-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tees, and did not exceed the amount stated in the notice served upon the defendant. Defendant has never paid this tax. The village of Glens Falls was created the city of Glens Falls March 13, 1908; and such right of action as exists against the defendant upon the foregoing facts exists in favor of this plaintiff.

The defendant presents to the court two objections, on account of which he claims that the plaintiff cannot recover. The first objection is under section 166 of the village law, providing that the total amount expended for street paving in any fiscal year, from the moneys raised during such year for street purposes, otherwise than in pursuance of a village election, shall not be more than one-half thereof; and the second objection is under the same section, providing that no landowner shall be required to pay or bear the expense of paving any portion of the street not in front of such land nor beyond the center of the street. The defendant claims that the amount used for paving purposes in the fiscal year of 1907 was in excess of the amount allowed by law, and that the defendant was assessed for paving in front of his premises beyond the center of the street.

In this case it is to be assumed, inasmuch as the defendant does not challenge the facts, that the board of trustees of the village of Glens Falls were duly elected, that they duly qualified, and that they were the body to make legally the assessment in question. They had jurisdiction of the person and the subject-matter. There is no jurisdictional question raised by defendant's objections. The tax was properly assessed, and no error, irregularity, or illegality is claimed to exist, except upon the two grounds above stated, neither of which goes to the question of jurisdiction. As held in United States T. Co. v. Mayor, 144 N. Y. 493, 39 N. E. 384, the board of trustees, under the facts stated, in making the assessment complained of, "were acting judicially in assessing the plaintiff, and their action had all the force and effect of a judgment, which, while open to review by some direct proceeding prescribed by law, is secure against collateral attack." Swift v. City of Poughkeepsie, 37 N. Y. 511.

The board of trustees having acted judicially in levying the assessment, their action cannot be attacked collaterally, or by way of a defense in an action to recover the amount of the assessment. If the assessment were void, because of want of jurisdiction, then the defendant could have established a defense in this action, without having first brought an action or a proceeding to set aside the assessment. Newman v. Supervisors, 45 N. Y. 676, 685.

Merritt v. Village of Portchester, 71 N. Y. 311, 27 Am. Rep. 47, cited by the defendant, I do not think applicable to this case. In that case, the commissioners had no authority to act. They had not qualified as the law required, and were not the legal, duly qualified, taxing body. Therefore the objection taken was a jurisdictional question, and the assessment which they attempted to make was a nullity and void.

Gerlach v. Brandreth, 34 App. Div. 197, 54 N. Y. Supp. 479, is a taxpayer's action, and has no application to this case at bar. A holding that a taxpayer may maintain an action to restrain a board of trus-

tees from raising funds beyond the amount allowed by statute is not a holding that one, regularly assessed by a board having power and authority to assess for paving, can defend an action to collect the amount of the tax on the ground that the board had expended more money than the statute allowed for paving, or committed error in making the assessment.

Sanders v. Downs, 141 N. Y. 422, 36 N. E. 391, was an action brought to gain relief against an illegal tax sale, and is not applicable here.

To hold that a defendant cannot defend against the collection of the tax in an action brought for that purpose is not to hold that the amount of the tax, if illegal (that is, without jurisdiction), cannot be recovered. Newman v. Supervisors, 45 N. Y. 676. Nor is there herein any suggestion that a taxpayer cannot restrain a board of trustees from raising for street purposes, or from applying to paving purposes, a larger sum than is permitted by statute.

Where there is jurisdiction over the party taxed and the subject-matter, if there is error in the procedure, or in the manner of fixing the valuation, or in the amount of the tax to be raised, the redress of the taxpayer is by certiorari to review the action of the board of trustees in making the assessment, under the general tax law. This is the remedy which the statute prescribes for the review of assessments that are illegal, erroneous, or unequal, and is exclusive. United States T. Co. v. Mayor, supra. Since the board of trustees were acting judicially in assessing the defendant, and their action had all the force and effect of a judgment, it is necessary for the protection of the taxing officers that any attack upon their action should be limited to that which is direct and in the nature of an appeal. It is only when the tax imposed is null and void, because without jurisdiction, that an action may be maintained to recover the money (United States T. Co. v. Mayor, 144 N. Y. 488, 492, 493, 39 N. E. 383), or a taxpayer may avail himself of the illegality in an action like this.

A village or city must have funds to pay its going expenses. If each taxpayer could refuse to pay his taxes, and could defend an action brought to recover the tax because of some error, irregularity, or judicial mistake on the part of the taxing officers, the muncipality would be without funds for its necessary expenses.

The plaintiff is entitled to recover.

Judgment for plaintiff.