CITY OF AUBURN *vs.* ETHER S. PAUL.

Androscoggin.    Opinion March 18, 1915.

*Arbitration.  Assessment.  Benefits.  Debt.  Notice.  Re-assessment.  R. S.,*
*Chap. 21, Sec. 10.   R. S., Chap. 21, Sec. 5.    Time Limit.   Waiver.*

An action of debt brought under the provisions of R. S., Chap. 21, Sec. 10, to
recover of defendant $1330 alleged to have been assessed upon his land for
benefits accruing thereto from the construction of a sewer.

*Held:*

1.   An assessment made by a tribunal duly authorized cannot be regarded as a
re-assessment, because a tribunal absolutely without authority has previously
attempted to act in the premises.

2.   When no limitation of time is fixed by the legislature within which an assess-
ing board must act, the time when an assessment shall be made is confided to
the discretion of such board.   The court in such case can impose no limitation.

3.   The award of arbitrators made without notice of hearing and hearing, in the
absence of waiver of the party claiming to be thus aggrieved, is a nullity.

On report.    Plaintiff nonsuit.

This is an action of debt, under the provisions of R. S., Chap. 21,
Sec. 10, to recover the sum of thirteen hundred and thirty dollars,
being the amount of an assessment levied by the municipal officers of
the city of Auburn, upon defendant's land on Lake and Shepley
Streets and Gamage Avenue in said Auburn, for the construction of a
sewer through said streets.    The defendant pleaded the general issue,
and for brief statement of special matters of defense alleged, in sub-
stance, that the proceedings of the plaintiff and municipal officers of
the city of Auburn, in making and levying the assessment demanded
in plaintiff's writ were without authority of law.

At the conclusion of the evidence, this case was reported, by agree-
ment of the parties, to the Law Court, for its determination, upon so
much of the evidence as is legally admissible.

The case is stated in the opinion.

*Tascus Atwood,* City Solicitor, for plaintiff.

*John A. Morrill,* for defendant.

SITTING:  SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

BIRD, J.   This action is reported to this court for determination upon so much of the evidence as is legally admissible.   It is an action of debt brought under the provisions of Sec. 10, Chap. 21, R. S., to recover of defendant the sum of thirteen hundred and thirty dollars alleged to have been assessed upon his land in plaintiff city for benefits accruing thereto from the construction of a sewer, by virtue of section 5 of the same chapter.   Questions arising from an attempted assessment of such benefits have already been considered by this court in *City of Auburn* v. *Paul*, 110 Maine, 192, in which it was determined that such assessment by the Board of Public Works of plaintiff was invalid as not within the statutory powers of the board.

Subsequent to the decision of that case, the municipal officers of plaintiff for the year of 1912 on the ninth day of January, 1913, voted to make the assessment upon land of defendant, as provided in R. S., Chap. 21, Sec. 5.   Hearing upon the assessment was had on the twenty-second day of February, 1913.   Five days later the municipal officers voted to revise the assessment and reduced the amount to $1330 and on the twenty-eighth day of February, 1913, notice of the revision was given to defendant.

The defendant, thereupon, requested that the assessment upon his lands be determined by arbitration in accordance with Sec. 6, Chap. 21, R. S.   No question appears to be raised as to the regularity of the proceedings resulting in the selection of the three arbitrators.   They, however, without notice to either the city of Auburn or the defendant and without hearing accorded to either, proceeded to view the land and make their award in which they reduced the assessment to $1200.

Three points or questions only need be considered.

The defendant asserts that the assessment made by the municipal officers is a re-assessment and urges that no power or authority is conferred by statute for a re-assessment.   Conceding that, we think it sufficient to say that, whatever might be the case, when a body or tribunal empowered to make an assessment fails to make a valid assessment by reason of some irregularity in the proceedings, we cannot regard an assessment made by a tribunal duly authorized as a re-assessment, because a tribunal absolutely without authority had previously attempted to act in the premises.

It is contended that the municipal officers in office when the sewer was completed alone had authority to make the assessment. Examination of the statutes regulating the making of assessments discloses no limitation of time within which the assessment must be made. Whether such limitation be made and its extent, if made, are wholly matters for legislative action. The legislature having failed to fix a limit, the court is without power to impose one. In *Bradley* v. *Greenwich Board of Works*, L. R., 3 Q. B. D., 384, 388, where a similar question arose under the Metropolis Management Act, 1862, Sec. 53; it is said (Cockbum, C. J.) "The only question we have to consider is whether the apportionment of the amount payable by appellant was made within proper time. Now, turning to Sec. 53, we seek in vain for any limitation of time within which the apportionment is to be completed. And as the legislature have fixed no limit, it is impossible for us to introduce one." Upon the authority of the case last cited the court in *Fairbanks* v. *Fitchburg*, 132 Mass., 42, 48, says "When authority is given to make a similar assessment, and no limitation of time is fixed within which the assessing board must act, it must be held that the Legislature has confided to the discretion of the board the duty of deciding conclusively when the assessment shall be made."

But the defendant was entitled, upon due proceedings had, with which we must find upon his part full compliance, to have the amount of the assessment determined by arbitration, R. S., Chap. 21, Sec. 6. The amount has been fixed by arbitrators duly selected indeed, but without notice of hearing or hearing. It needs no citation of authorities to sustain the proposition that the award of arbitrators made without notice of hearing and hearing, in the absence of waiver by the party claiming to be thus aggrieved, is a nullity. *Auburn* v. *Paul*, 110 Maine, 192, 195-197. Of a waiver of his rights by defendant, we find no evidence. The defendant, therefore, has not had the benefit of the right, in the nature of an appeal, accorded him by statute. Until he has had an opportunity to be heard before unprejudiced arbitrators and they have duly made their report, there is no legal assessment upon which proceedings for the enforcement of an assessment can rest. See *Auburn* v. *Paul*, ubi supra. See also *Pierce* v. *Bangor*, 105 Maine, 413.

*Plaintiff nonsuit.*