THE TRUSTEES OF THE VILLAGE OF BATH, Respondent, *v.* JOHN L. STOCUM, Appellant.

Fourth Department, June 29, 1923.

Villages — action to recover special assessment for paving — not discriminatory to assess one-half on abutting owners on street which village paved while village paid out of village funds for extra width of State road constructed on other streets — village was incorporated by special act of Legislature — Village Law, § 380, makes § 166 thereof applicable under which trustees had power to assess one-half of cost against abutting owners — resolution of trustees was not definite — trustees acted illegally under Village Law, § 166, in spending more than one-half of street fund for paving — assessment will not be set aside for irregularities.

The act of the board of trustees of the village of Bath in assessing one-half of cost of the pavement of a street on which the defendant's property abutted against the abutting owners was not unreasonable, arbitrary and discriminatory on the ground that the village had paid out of its general funds for the extra width of State roads constructed by the State over certain other streets of the village.

Section 166 of the Village Law is made applicable to the village of Bath which was incorporated by a special act of the Legislature, by section 380 of the Village Law, and, therefore, the village board had the power, under said section 166, in the exercise of its discretion to determine that one-half the cost of the paving of the street in question should be borne by the abutting property owners.

The resolution for the construction of the pavement in question is criticised on the ground that it was not definite and explicit and did not provide that fifty per cent should be assessed on the abutting property. The bookkeeping covering the cost of pavement should have been more formal and should have been made a part of the village records.

The action of the village board in expending more than one-half of the amount raised for street purposes in paying the cost of the pavement in question, while it cannot be reviewed in this action, is a violation of section 166 of the Village Law.

Although there were many irregularities there is no question about the amount which the defendant is liable to pay and the Appellate Division will not set aside the assessment for the irregularities where no injury has occurred.

APPEAL by the defendant, John L. Stocum, from a judgment of the County Court of the county of Steuben in favor of the plaintiff, entered in the office of the clerk of said county on the 15th day of February, 1923, upon the decision of the court rendered after a trial before the court without a jury.

*Harry Moseson,* for the appellant.

*Floyd W. Annabel,* for the respondent.

HUBBS, P. J.:

The purpose of this action is to recover the amount of an assessment against the defendant for paving West Steuben street, in the village of Bath, which street passes in front of the defendant's property. The answer alleges that the assessment was void and it is urged in this court that the judgment should be reversed because the assessment was discriminatory against the taxpayers owning property on said street.

The State built a State road through East Steuben street, in Bath, and on May 23, 1921, at a meeting of the board of trustees of said village a resolution was passed appropriating $1,800 from the village funds to meet the expense made necessary by reason of the fact that the State had increased the width of the pavement on East Steuben street, such being the share of the village toward the cost of such extra construction. This was done in pursuance to the provisions of section 137 of the Highway Law (as amd. by Laws of 1916, chap. 571). The State plan provided for a twelve-foot road and as laid it was sixteen feet wide, two feet wider on each side, and it was for the extra two feet of pavement on each side that the village paid the sum of $1,800 from its general funds.

Prior to that time other State roads passing through the village on East Morris, Liberty and West Morris streets had been made wider and the extra cost had been paid by the village from its general funds without assessing the adjoining property owners. It is urged by the appellant that as West Steuben street, the one in question, is an extension of East Steuben street, it was unreasonable, arbitrary and illegal to assess fifty per cent of the cost of construction against the adjoining property owners when no part of the cost of paving East Steuben street had been so assessed.

It is conceded that some discretion as to the method of paying for the improvement rested with the board of trustees, but it is urged that the board acted arbitrarily in assessing fifty per cent of the cost of the pavement on West Steuben street to the adjoining owners when it had failed to make such an assessment for the cost of the pavement on East Steuben street. The cases cited by the appellant (*Matter of Klock,* 30 App. Div. 24; *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283; *Hassan* v. *City of Rochester,* 67 N. Y. 528, 536; *Matter of City of New York,* 190 id. 350; *Matter of Pell,* 171 id. 48; *People ex rel. Phillips* v. *Raynes,* 136 App. Div. 417; affd., 198 N. Y. 539) are all cases which hold and lay down the rule that taxes must be uniform in the same tax district when levied for the same object, and that there can be no discrimination between the owners of the same class of property, some paying a higher rate, some a lower rate, and some not paying at all.

"All persons, under like circumstances, shall be treated in the same way. Persons and property may be classified for taxation but such classification may not be arbitrary, unreasonable or capricious." (*People ex rel. Phillips* v. *Raynes,* 136 App. Div. 417.) All the cases recognize the fact that property may be classified for the purpose of taxation, and if there is a reasonable basis for the classification it is legal and the courts cannot change it. If, in other words, there was any reasonable basis for the discretion exercised by the board in this instance, its decision is final, but if the action of the board was without reason, arbitrary and discriminatory it may be set aside.

The plaintiff village does not and cannot question these general principles. It insists, however, that the defendant has failed to establish its defense that the action of the board in assessing fifty per cent of the cost on the adjoining property was unreasonable, arbitrary and discriminatory. The street in question, West Steuben street, presented a situation entirely different from that of East Steuben street. In the latter the State was about to lay a State road. The village as a whole desired that the road be wider than the regulation twelve-foot road which the State planned to build, and the board of trustees petitioned to have it made sixteen feet wide and agreed to pay the sum of $1,800, the difference in cost. That it had a legal right to do under section 137 of the Highway Law. The same course had previously been adopted in the cases of at least two other streets, showing a policy on the part of the village to have all State roads sixteen feet wide where they extended through the village and to have the village pay the increased cost. No doubt that was a wise course for the village to pursue.

When the board came to consider West Steuben street an entirely different situation existed. There was no State road to be laid in that street. If the street was to be paved it must be either entirely at the expense of the taxpayers of the village, partly so and partly at the expense of the adjoining property owners, or wholly at the expense of the adjoining property owners, provided two-thirds of them petitioned to have it so done as provided in the Village Law, section 166.

The board determined, in view of the situation, that the village should pay one-half of the expense and the property owners one-half. All property owners in the tax district were treated alike. Section 166 of the Village Law (as amd. by Laws of 1919, chap. 149)* permitted the board to adopt that course. It was a matter which rested in the discretion of the board. The presumption is that the board acted after investigation and consideration, and that

---

* Since amd. by Laws of 1922, chap. 657.— [REP.

its act was a reasonable exercise of discretion. (*Brougham* v. *Kansas City*, 263 Fed. Rep. 115–122.) There is no evidence to the contrary and the court was justified in finding that the board acted in the exercise of proper discretion.

The village of Bath was incorporated by chapter 130 of the Laws of 1816, as amended. The appellant urges that the pavement upon West Steuben street was laid under the provisions of section 15 of title 5 of the Special Village Charter (Laws of 1895, chap. 785) and, as said section does not provide for assessing adjoining property owners for paving a street, the village was without authority to make such assessment. There is no force in such contention. Section 380 of the Village Law provides:

" § 380. Effect of chapter on special villages. A village incorporated under and subject to a special law, and each officer thereof, possesses all the powers and is subject to all the liabilities and responsibilities conferred or imposed upon a village incorporated under this chapter, or upon an officer thereof, not inconsistent with such special law." (*Matter of Grab*, 31 App. Div. 610.)

The village clearly had authority to assess fifty per cent of the cost of the pavement to the adjoining property owners if it acted in accordance with the provisions of the statute.

There are other objections raised by the appellant in regard to the procedure adopted by the village board in paving the street, in keeping account of the expense thereof, in calling a meeting to hear objections and in levying the assessment. While we do not deem those matters of sufficient importance to justify a reversal, we do not want the impression to exist that we approve the practice adopted by the plaintiff. The resolution of May 3, 1921, for the construction of the pavement in question, should have been more definite and explicit, and should have provided that the fifty per cent should be assessed on the adjoining property owners. The bookkeeping covering the cost of the pavement should have been more formal and should have been made a part of the village records.

While the action of the village board in expending more than one-half of the amount raised for street purposes in paying the cost of this pavement cannot be reviewed in this action, nevertheless such action was in violation of section 166 of the Village Law. (*City of Glens Falls* v. *McMullen*, 62 Misc. Rep. 134.)

It was the duty of the board, also, after the meetings on January twenty-fourth and thirtieth to hear objections, to act with reasonable promptness. However, as the board of trustees had authority to construct the pavement and to make the assessment of fifty per cent against the adjoining property owners and there is no

question about the amount which the defendant is liable to pay providing he is liable to pay anything, the court will not set aside the assessment for irregularities where no injury has occurred. (*Gilmore* v. *City of Utica*, 131 N. Y. 26.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.