ARTHUR T. VANDERBILT, TRUSTEE, ETC., PROSECUTOR,
v. TOWN OF BELLEVILLE, RESPONDENT.

Argued May 3, 1933—Decided September 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Jerome C. Eisenberg.*

For the respondent, *Lawrence E. Keenan.*

PER CURIAM.

This writ brings up assessments levied against six proper-
ties owned by prosecutor in the town of Belleville, which
assessments were for a sewer system constructed in said town
under an ordinance.

The prosecutor, trustee in liquidation of Lincoln Mortgage
and Title Guaranty Company, acquired the properties after
foreclosure of mortgages held by that company.

The ordinance under which this improvement was made,
as a local improvement, was enacted in 1913. The work was
done in eleven sections. Some of the sewers were laid as
early as 1915 and have been in use since that time, but not
until 1924 were they connected to the lines of the Passaic
Valley Sewage Commission, having emptied into the Passaic
river before that time. Some of the work was not completed
until 1931.

The properties in question are located in sections 1, 4
and 11 of said assessment.

It appears that the sewers in section 1 were laid and con-
structed during the years 1920, 1921 and 1922; in section
4, some of the sewers were laid in the year 1915, and others

were laid from time to time until the year 1927; all of the sewers in section 11 were laid and constructed between the years 1927 and 1931. The sewers laid in the various sections prior to 1924 were not connected with the Passaic Valley Sewerage System, in accordance with the plan of said improvement, until 1924. The last of the work in completing the improvement provided in the ordinance of June 18th, 1913, was done in 1931.

The ordinance provided:

"That the said sanitary sewer system may be built and constructed as a whole or in sections as the council may from time to time determine and after the completion of the system or any section thereof, the cost shall be ascertained and determined by the commissioners of assessment and such cost and expense shall so far as the same can be, be assessed upon the lands and real estate specially benefited by the improvement * * *."

The assessments for benefits were made in 1932 after all the work had been completed.

The contention of the prosecutor is that an assessment such as the one herein made must be made within a reasonable time after the work is done and that it was not so made in this case. We are of opinion that, by the terms of the ordinance, the governing body might treat the improvement as a unit and withhold the levying of assessments until after the completion of the entire project. Prosecutor cites no case in this state which puts any time limit on assessments for benefits. Courts in other jurisdictions have held that this is a matter for legislative action and the courts will not impose a limit where the legislature does not. *City of Auburn* v. *Paul (Me.)*, 93 *Atl. Rep.* 289; *Bradley* v. *Greenwich (Law Reports)*, 3 *Q. B. Div.* 388; *Fairbanks* v. *Fitchburg,* 132 *Mass.* 42.

Prosecutor and his predecessors in title stood by while the work was being performed and accepted the benefits of it. They knew, or should have known, that the work was·done as a local improvement for which assessments would be levied. They knew, or should have known, that the work was done as might be made after the completion of the entire project.

The assessments were made with reasonable promptness after the completion of the work provided to be done by the ordinance.

It is argued that the assessment is particularly burdensome to owners who have acquired their property in recent years, and that they have no legal remedy whereby they may recover proportionate shares from prior owners, it being difficult to enforce covenants in warranty deeds. This does not seem to be sufficient reason for setting the assessments aside.

The writ is dismissed.