THE PEOPLE OF THE STATE OF NEW YORK ex rel. IDA W. SCHICK, Respondent, v. ROLLAND B. MARVIN, as Mayor of the City of Syracuse, et al., Appellants.

(Argued March 20, 1936; decided May 19, 1936.)

*James C. Tormey, Corporation Counsel* (*John F. Hmiel* of counsel), for appellants.

*James F. Brazell, Frank J. Cregg, Jr.,* and *Thomas J. Lowery* for respondent.

LEHMAN, J. West Onondaga street in the city of Syracuse has been widened pursuant to an ordinance of the Common Council of the city. The petitioner owns

property abutting on that street. Part of this property was taken by the city for the public improvement, and an award has been made to the petitioner for the consequent damages. In proceedings for the widening of a contiguous section of the same street, the Common Council had determined that the entire cost should be borne by the city. Four years after the widening of the section of the street upon which the petitioner's property abutted, the Council authorized the assessment of part of the cost of that section upon the property deemed to be benefited by the improvement. Accordingly, an assessment was levied upon the petitioner's land. After the assessment was confirmed, the petitioner brought proceedings to vacate the assessment. The controversy was referred to a referee to hear and determine. Judgment was entered upon the report of the referee adjudging that the assessment upon the petitioner's land " be and the same hereby is, declared illegal and void and the same is adjudged to be set aside and cancelled of record." The defendant attempted to appeal to the Appellate Division. The appeal was dismissed on the ground that the court was without jurisdiction to entertain it.

The Legislature has regulated the manner in which an assessment for local improvements in the city of Syracuse may be challenged and reviewed (Laws of 1906, ch. 75.) That statute is applicable to assessment for the widening of a street (Laws of 1914, ch. 300). The scope of the statutory provisions is wide, and at least insofar as these provisions afford an adequate remedy for illegality or error in the assessment, such statutory remedies must be deemed exclusive. (*Oak Hill Country Club* v. *Town of Pittsford*, 264 N. Y. 133.) Where the Legislature has provided a statutory remedy, it may limit or deny a right of appeal from an order for judgment entered in the statutory proceedings by the court upon which the statute has conferred jurisdiction. (*Matter of De Camp*, 151

N. Y. 557.) The Legislature has done so here, at least in regard to certain decisions. The problem presented upon this appeal is whether the statute denies a right of appeal from judgment of the court annulling and vacating the assessment which has been challenged by the petitioner.

The statute provides:

" No action or proceeding to set aside, vacate, cancel, annul, review, reduce or otherwise question, test or affect the legality or validity of any assessment for a local improvement shall be maintained nor shall the legality or validity thereof be subject to question except in an action or proceeding brought for that purpose as herein provided. If in the proceedings relative to any such assessment entire absence of jurisdiction on the part of the common council to order the improvement on account of which the assessment was made or any fraud or substantial error, other than such errors or irregularities as are specified in the preceding section, are alleged to have existed or to have been committed, any party, or parties aggrieved thereby who shall have filed objections thereto within the time hereinbefore specified and limited therefor may apply to the supreme court, at any special term thereof held within the judicial district in which said city is situated, for an order vacating or modifying such assessment as to the lands in which he or they have an interest, upon the grounds in said objections specified, and no other, upon due notice of such application to the corporation counsel. Such court may proceed to hear the proofs and allegations of the parties and determine the same, or may appoint a referee to take the proof and report the same, or to hear, try and determine the same. If it shall be determined that there was total want of jurisdiction on the part of the common council to order the improvement on account of which the assessment was made the court may order such assessment as to such party or parties to be vacated. If it shall be determined

that the common council had jurisdiction to order the improvement and that any such fraud or error has been committed and that the party or parties applying for such relief has or have suffered substantial damage by reason thereof the court may order that said assessment be modified, as provided herein, as to such party or parties and as so modified it be confirmed. * * * An order so made in any such proceeding shall be entered in the clerk's office of Onondaga county and shall have the same force and effect as a judgment. The court may during the pendency of any such proceeding stay the collection of any assessment involved therein as against the parties to such proceeding. Costs and disbursements of any such proceeding may be allowed in the discretion of the court. No appeal shall be allowed or taken from the order made in any such proceeding but the determination so made therein shall be final and conclusive upon all parties thereto." (§ 34.)

" No court shall cancel, annul or vacate such assessment on any property for any local improvement except for total want of jurisdiction on the part of the common council to order the improvement on account of which the assessment was made nor to modify any such assessment otherwise than to reduce it to the extent that the same may be shown by parties complaining thereof to have been in fact increased in dollars and cents by reason of fraud or substantial error. In no event shall that proportion of any such assessment which is the equivalent of the fair value or fair cost of any local improvement, with interest at the rate of five per centum per annum from the date of the delivery of the assessm nt roll therefor to the city treasurer to the date of the final order of modification and twelve per centum thereafter, be disturbed for any cause. The provisions of this section shall apply to actions to recover money paid for assessments, and the amount recovered shall be limited to the excess over the fair value or fair cost of the improvement." (§ 35.)

At the outset it must be noted that though the first sentence of section 34 in broad language precludes a challenge of the validity or legality of any assessment " except in an action or proceeding  *  *  *  as herein provided," yet in its subsequent sentences the section refers to proceedings in which the court is limited to the making of *particular* orders and upon allegation and proof of *particular* grounds of invalidity in an assessment. We are concerned now primarily with such proceedings. We may not upon this appeal consider whether the Supreme Court had power, statutory or inherent, to grant a judgment annulling the assessment upon the grounds alleged or established by the petition or whether the judgment is otherwise correct. The only question before us is whether the judgment may, by appeal, be brought before the Appellate Division for review.

Regulation of the manner and form of a challenge of the validity and legality of an assessment is coupled in the statute with limitation upon the power of the court to interfere with such assessment. There the language of the statute is clear and unambiguous. No order *vacating* an assessment may issue unless it shall be determined that there was " total want of jurisdiction on the part of the common council to *order the improvement* on account of which the assessment was made;" and only where it is determined that the Common Council did have *such* jurisdiction, but that fraud or error was committed, may the court order that the assessment be *modified by reduction* " to the extent that the same may be shown by parties complaining thereof to have been in fact increased in dollars and cents by reason of fraud or substantial error." Though the statute provides that " no appeal shall be allowed or taken from the order made in any such proceeding but the determination so made therein shall be final and conclusive upon all parties thereto," finality, it is clear, was intended to

attach only to an order authorized by the statute and made in the proceedings described in the statute; *i. e.*, an order granting or denying an application to vacate an assessment in proceedings where it has been " determined that there was total want of jurisdiction on the part of the common council to order the improvement," or an order granting or denying an application to reduce the assessment in proceedings where it has been determined that fraud or error has been committed. (Cf. *Matter of De Camp, supra.*)

In this case there is neither allegation nor proof that there was want of jurisdiction on the part of the Common Council to order the improvement. That jurisdiction remains unchallenged, and so long as it remains unchallenged, no order to vacate the assessment may be made in accordance with the provisions of section 34 of the statute. The assessment has been vacated and set aside solely upon allegations and determination that the legislative act of the Common Council in authorizing the assessment constituted an unjust discrimination against the petitioner, since no assessment had been made against property which had been benefited by the widening of another section of the same street, and that the city is estopped from enforcing the assessment because the city delayed too long in enforcing it. There is no claim or finding of fraud or mistake on the part of the administrative officers of the city in making the assessment. The attack is directed solely against the validity of the legislative action of the Common Council. The court has determined that the assessment is invalid because the Common Council transcended its legislative powers by action which was discriminatory and inequitable. The statute does not provide for any proceedings to set aside and vacate an assessment upon such grounds. Indeed, it prohibits the making of such an order, and the only order from which no appeal may be taken is an order made in accordance with the statute in proceedings regulated by the statute.

It is true that if the Common Council of the city exceeded its authority by directing that the assessment be made, the assessment itself is void. The Legislature may make reasonable regulations for the manner in which a void assessment may be questioned; but legislative regulation of proceedings brought for such purpose may not be so construed as to deprive a party aggrieved by a void assessment of all right to challenge it in any legal proceeding. Whether in spite of statutory limitations upon the power of the court to make an order vacating an assessment which is void for reasons other than total want of jurisdiction on the part of the Common Council to order the improvement, the court might still vacate the assessment in this case, is a matter on which the Appellate Division must pass upon the appeal from the order or judgment vacating the assessment. All that we now decide is that the provision of the statute that no appeal may be taken from an order described and authorized by the statute has no application to an order not so described or authorized.

Doubtless the Legislature intended to provide a speedy method for the final determination of all questions concerning the validity of an assessment, and to preclude challenge of such validity, except upon substantial grounds. To that end were directed the provisions of the statute that unsubstantial irregularities should not affect the validity of the assessment; that fraud and error should invalidate the assessment only to the extent that the amount of the assessment had been increased thereby; that no assessment should be vacated except for total want of jurisdiction on the part of the Common Council to order the assessment, and that no appeal should be taken from orders made in proceedings brought to modify or vacate an assessment accordingly. Perhaps the Legislature supposed that few if any cases outside of the scope of these provisions would arise where challenge on other grounds could be justified. Argument is made that the

words " fraud or error " are sufficiently broad to include invalidity of the legislative action by the Common Council; that where such " error " exists, the property owner is damaged thereby to the full extent of the assessment, and that in such case the assessment may be completely set aside. Such construction does not accord with the language of the statute, and there is nothing to show that the Legislature had such intent. Indeed, such construction would thwart the plain intent of the Legislature to limit the power of the court to modify or vacate an assessment except in manner set forth in the statute.

We conclude that an appeal may be taken from the judgment entered upon the report of the referee; and that the order dismissing the appeal should be reversed and the proceedings remitted to the Appellate Division to act in accordance with this opinion. The question certified is not answered.

CRANE, Ch. J., O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; CROUCH and FINCH, JJ., dissent.

Ordered accordingly.