THE PEOPLE OF THE STATE OF NEW YORK ex rel. IDA WOLF SCHICK, Respondent, v. ROLLAND B. MARVIN, Mayor, and CLIFFORD GOES and Others, Constituting the Board of Assessors of the City of Syracuse, New York, CHARLES A. LATTERNER, Treasurer Thereof, and the COMMON COUNCIL OF THE CITY OF SYRACUSE, Appellants.

Fourth Department, December 23, 1936.

*James C. Tormey,* Corporation Counsel [*John F. Hmiel,* Assistant Corporation Counsel, of counsel], for the appellants.

*James F. Brazell* [*Frank J. Cregg, Jr.,* and *Thomas J. Lowery* of counsel], for the respondent.

LEWIS, J. This appeal tests the legality of an assessment against the premises of an abutting property owner for a portion of the cost of a street widening. The question presented is whether an unex-

plained delay of more than three and one-half years in making an assessment for a local improvement will work an equitable estoppel against the right of a municipality to collect the same. The constitutionality of the assessment is also challenged.

The petitioner is the owner of two parcels of land having a total frontage of forty-two and sixteen one-hundredths feet on the south side of West Onondaga street in the city of Syracuse. On March 14, 1927, the local common council adopted an ordinance declaring its intention to increase the paved width of West Onondaga street from sixty-six to eighty-eight feet involving the appropriation of a strip of land twenty-two feet in depth along the southerly side of the street, including petitioner's frontage. The work was completed May 11, 1928. On September 14, 1928, a statutory condemnation commission determined the damages resulting to the abutting property owners from such appropriation. No appeal was taken by the petitioner from the determination made in her favor, and accordingly an award to her in the amount of $8,400, with interest, was subsequently paid.

On May 23, 1932, after the unexplained delay of which petitioner complains, the common council, acting under the authority of section 5 of chapter 300 of the Laws of 1914, passed an ordinance, which was thereafter approved by the board of estimate and apportionment, directing that, of the total cost of lands acquired for the improvement, amounting to $274,173.38, a portion, viz., $154,223.38, should be borne by the city and that the balance of $119,950 should be assessed against the property deemed to have been benefited by such improvement. Thereupon the city assessors levied an assessment against the properties of the plaintiff in the amount of $1,604.37. This appeal is from a judgment, entered upon the report of a referee, vacating the assessment thus made and canceling the same of record upon the ground that the city's delay in making the assessment had rendered it unenforcible and that the assessment itself was unconstitutional.

The Legislature has provided in chapter 75 of the Laws of 1906, and chapter 300 of the Laws of 1914, an adequate remedy by which the legality of an assessment for the widening of a street in the city of Syracuse may be tested. (*People ex rel. Schick* v. *Marvin,* 271 N. Y. 219, 222; *Oak Hill Country Club* v. *Town of Pittsford,* 264 id. 133.) In such a proceeding the assessment involved cannot be vacated unless it be determined that there was " total want of jurisdiction on the part of the Common Council to order the improvement on account of which the assessment was made;" if it be determined that such jurisdiction did exist and that fraud or error was committed with resulting substantial damage to the party

applying for relief, only in that event may the court modify the assessment by reducing the same. (Laws of 1906, chap. 75, § 34.) In its previous review of this record the Court of Appeals has said: " In this case there is neither allegation nor proof that there was want of jurisdiction on the part of the common council to order the improvement. That jurisdiction remains unchallenged, and so long as it remains unchallenged, no order to vacate the assessment may be made in accordance with the provisions of section 34 of the statute. The assessment has been vacated and set aside solely upon allegations and determination that the legislative act of the common council in authorizing the assessment constituted an unjust discrimination against the petitioner, since no assessment had been made against property which had been benefited by the widening of another section of the same street, and that the city is estopped from enforcing the assessment because the city delayed too long in enforcing it. There is no claim or finding of fraud or mistake on the part of the administrative officers of the city in making the assessment. The attack is directed solely against the validity of the legislative action of the common council. The court has determined that the assessment is invalid because the common council transcended its legislative powers by action which was discriminatory and inequitable. The statute does not provide for any proceedings to set aside and vacate an assessment upon such grounds. Indeed, it prohibits the making of such an order." (*People ex rel. Schick* v. *Marvin, supra,* p. 226.)

Our inquiry upon this appeal is directed to the question whether, in spite of such statutory limitations, the court may vacate an assessment under the circumstances disclosed by the record before us.

We regard it as settled law that " the power to determine the incidence of an assessment for benefit is part of the taxing power of the State * * *, and the exercise of that power, under delegation from the Legislature, constitutes legislative action and as such is not subject to review by the court." (*Matter of Long Island R. R. Co.* v. *Hylan,* 240 N. Y. 199, 204; *Matter of Baldwin Street, etc., Rochester,* 169 App. Div. 128; affd., 218 N. Y. 636; *People ex rel. Griffin* v. *Mayor, etc., of Brooklyn,* 4 id. 419.) Certiorari will lie, however, whenever the action of a legislative body transcends the powers which have been delegated to it. " It is only when city officers have jurisdiction of the subject-matter and conduct their proceedings consistently with the statute that their proceedings are conclusive." (*People ex rel. W. N. Y. & P. R. R. Co.* v. *Adams,* 88 Hun, 122, 126; affd. on opinion below, 147 N. Y. 722; *Matter of Long Island R. R. Co.* v. *Hylan, supra,* p. 204.)

Guided by these rules we pass to a consideration of petitioner's argument that the unexplained delay by the city of more than three and one-half years after completion of the street widening, worked an equitable estoppel against its right to enforce an assessment to meet a portion of the cost of the improvement.

Section 5 of chapter 300 of the Laws of 1914 provides in part: " § 5. In case there shall be no appeal from the report of the commissioners of condemnation, or upon the final determination of any such appeal, the common council shall direct the assessors of said city, and said assessors shall thereupon proceed to assess the amount awarded for damages for the land and property to be actually used in the improvement, in excess of the amount and proportion thereof, if any, which may be fixed and determined by the common council and board of estimate and apportionment as the amount and proportion which shall be borne by the city, upon the property deemed to be benefited by such improvement in a just and equitable manner, as near as may be in proportion to benefits received."

The common council was thus authorized to make provision for assessing against the property deemed to be benefited by the improvement the total cost, or a portion thereof, of the lands appropriated. Such assessment could not be made, however, until after the expiration of petitioner's time to appeal from the award of damages made to her nor until the common council and board of estimate and apportionment had determined the portion of the cost of lands taken which was to be borne by the city.

We find in the statute no limitation of time within which the common council and board of estimate and apportionment must determine the city's share of the cost of the improvement; nor is the time fixed within which the assessment must be made. The petitioner stresses the fact that the statute provides, " said assessors shall thereupon proceed to assess," but it will be noted from the context that the assessors are not called upon to act until the common council has ordained that they should do so.

In the absence of a statutory provision limiting the time within which the common council should act or the assessment should be made, it is not within the power of the courts to introduce and enforce such a limitation. The decisions of this State and those of foreign jurisdictions have made the principle plain that in the absence of legal restriction, the time within which an assessment shall be made is within the reasonable discretion of those whose duty it is to make it. (*Matter of Deering*, 14 Daly, 89; affd., 105 N. Y. 667; *Matter of Brown*, 14 Daly, 103; *Matter of Hollister*, 96 App. Div. 501, 504; affd., 180 N. Y. 518; *Fairbanks* v. *Mayor, etc.,*

*of Fitchburg,* 132 Mass. 42, 48; *City of Auburn* v. *Paul,* 113 Me. 207, 209; 93 A. 289. Cf. 5 McQuillin Municipal Corporations [2d ed], § 2230; 1 Cooley Taxation [4th ed.], § 61.)

Furthermore it does not appear that petitioner's position in relation to the title to her properties was in any way changed during the period of delay by the city in making the assessment. She has owned the premises for more than twenty years and there is no proof that she has ever conveyed or mortgaged any portion of them. The delay of which she now complains is not shown to have worked to her disadvantage through the intervention of equities. " ' Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another.' " (*Seligson* v. *Weiss,* 222 App. Div. 634, 638; *Matter of Lord,* 78 N. Y. 109, 111; 1 Pomeroy Equitable Remedies, § 21.)

The petitioner also contends that the ordinance of May 23, 1932, and the assessment which followed violate the Fourteenth Amendment of the Federal Constitution in that they constitute a denial to her of the equal protection of the laws. This argument calls for a statement of additional facts from the record.

West Onondaga street extends from its intersection with South Salina street westerly for a distance of seventeen blocks. By two separate proceedings conducted between December, 1925, and May, 1932, the paved width of the first five blocks was increased from sixty-six to eighty-eight feet. The first proceeding in point of time, which for convenience may be referred to as proceeding No. 1, provided for the widening of West Onondaga street within the first two blocks extending from South Salina street westerly to Oneida street. Proceeding No. 2, which is the one involved upon this appeal, provides for the widening of the contiguous three blocks extending westerly from Oneida street to South avenue and involves petitioner's properties.

Upon the completion of the physical work under proceeding No. 1, an ordinance was adopted and thereafter approved by the board of estimate and apportionment, whereby the city assumed the entire cost of the widening of the first two blocks of West Onondaga street including the cost of lands necessarily appropriated. Before the completion of proceeding No. 1, and on March 14, 1927, the common council by ordinance had started proceeding No. 2 and thereafter undertook the widening of the contiguous third, fourth and fifth blocks. After the work of proceeding No. 2 was finished the common council adopted the ordinance of May 23, 1932, by which the petitioner claims to be aggrieved, which provided that a portion of the cost of lands necessarily taken for the improvement

should be borne by the city and the balance should be assessed against the properties — including those of the petitioner — which abut upon the widened street.

The petitioner contends that, although these two street improvements were accomplished under separate and independent proceedings, they were a part of a common plan to increase the width of an important artery of traffic; that having assumed the entire cost of the street widening within the first two blocks of West Onondaga street, the municipal officers should have adopted the same policy when the city's share of the cost of widening within the next three blocks was determined and that the failure by the city to assume the entire cost of the latter improvement, under the circumstances, was an arbitrary discrimination in taxation which denied to her the equal protection of the laws which the Constitution guarantees.

This position taken by the petitioner disregards the reasonable probability that there will be a point within the length of a street widening project beyond which the conditions of traffic will not warrant imposing upon city taxpayers at large the entire cost of the improvement. If this were not so no abutting property could ever be assessed for the cost of a street widening where the city has once assumed the entire cost of a section of such an improvement made necessary by traffic conditions in commercial districts. The practical and reasonable administration of municipal affairs requires that to some agency there should be delegated the authority to fix the point beyond which a portion at least of the burden of cost should be shifted from the city at large to properties peculiarly benefited by the improvement. In the performance of such a function the agency selected must adhere to the basic principle of taxation that " ' All persons, under like circumstances, shall be treated in the same way. Persons and property may be classified for taxation but such classification may not be arbitrary, unreasonable or capricious.' " (*Trustees of Village of Bath* v. *Stocum*, 206 App. Div. 179, 181; *People ex rel. Phillips* v. *Raynes*, 136 id. 417.)

We are thus brought to an application of the rule that " the fixing of the territory of assessment [is] a legislative act, and not subject to judicial determination or review." (*Matter of Baldwin Street, etc., Rochester, supra*, p. 134; *Matter of Shaffer*, 138 App. Div. 35, 38, 39; affd., 200 N. Y. 519; *Matter of Eager*, 46 id. 100, 109.) In the instant case the statute delegates to the common council and the board of estimate and apportionment the discretion to determine " the amount and proportion [of the cost of lands taken for the improvement] which shall be borne by the city." We cannot say what considerations influenced the municipal boards and officers of the city of Syracuse to adopt different methods to meet the

cost of lands appropriated for the two street widening proceedings already described. It may well be that the congestion of downtown vehicular traffic called for relief within the first and second blocks of West Onondaga street which was deemed to be for the general city welfare and that the widening of the street within blocks which are contiguous but more remote from the congested area was not considered of such general benefit. Whatever may be the reasons which led to the differentiation, the decision was made in the exercise of a discretionary function delegated by the Legislature to the common council and the board of estimate and apportionment and, in the absence of proof that its exercise in this instance was arbitrary or capricious, it cannot be reviewed by the courts. (*Matter of Long Island R. R. Co.* v. *Hylan*, *supra*, pp. 203, 204; *Matter of Baldwin Street, etc., Rochester*, *supra*, pp. 133, 134; *Trustees of Village of Bath* v. *Stocum*, *supra*, p. 181; 4 Cooley Taxation [4th ed.], § 1612, pp. 3220, 3221.)

In *Matter of Cruger* (84 N. Y. 619), the petitioner sought to vacate an assessment for grading a public street upon the ground, among others, that the area of benefit subjected to assessment was too narrow. In affirming an order denying petitioner's application and upon considering petitioner's objection that the area of assessment for benefit was too small, the court said (p. 621): " The law committed that question to the assessors and the board of revision. They acted upon such knowledge and observation as they had, and such proof as was presented. They had a discretion to exercise in this respect which we cannot review." (See, also, *Matter of Shaffer*, *supra*, pp. 38, 39.)

We are thus led to the conclusion that the assessment which the petitioner seeks to vacate was a valid exercise of a legislative function delegated to certain municipal officers in the city of Syracuse. It follows that the judgment from which appeal is taken should be reversed on the law, with costs, and the assessment described in the petition confirmed. Conclusions of law numbered 6, 7, 8, 16, 17 and 20 of the decision are disapproved and reversed.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment and order granting additional allowance of costs reversed on the law, with costs, and assessment described in the petition confirmed, with fifty dollars costs and disbursements. Certain conclusions of law disapproved and reversed.