Robert W. McCarty and All Other Persons Similarly Situated, Plaintiffs, *v.* City of Watertown, Defendant.

Supreme Court, Equity Trial Term, Jefferson County, March 2, 1951.

*Conboy & Conboy* for plaintiffs.

*Kenneth W. Brett, Corporation Counsel,* for defendant.

Searl, J. On an agreed stipulation of facts both plaintiffs and defendant move for judgment on questions of law only.

The action is brought for the purpose of obtaining a determination of the validity of a sewer assessment levied on plaintiffs' properties by the City of Watertown.

On June 24, 1946, the city council of defendant adopted a resolution pursuant to title XII of its charter (L. 1923, ch. 660) calling for a public hearing on July 8, 1946, upon a proposal to construct a sewer in Barben Avenue, Watertown.

One of the petitioners seeking the construction of the sewer was the predecessor in title of plaintiff McCarty who did not acquire title until November, 1947. Thereby comes the litigation.

The city complied with certain provisions of the charter, so far as calling a public hearing on July 8, 1946, no one appearing

in opposition. The council adopted a resolution directing the work be done by the public works department under the direction of the city manager.

Construction was commenced in November, 1946, and was substantially completed in May, 1947.

The council failed to comply with the provisions of the charter in that it failed to fix the percentage of the entire cost to be paid as a general city charge, and the percentage or whole cost to be paid by assessment upon the abutting property owners.

Not until after it was discovered that the council should have gone further as indicated by the last preceding paragraph did the council do more. After plaintiff had acquired title and on April 26, 1948, the council sought to remedy the former defect by passing a resolution which recited in substance that after due publication a public hearing was held on April 12, 1948, upon a proposal to reassess the abutting property owners of the cost of installation of the sewer on Barben Avenue to the extent of the entire cost thereof, namely $5,699, and the assessors are directed to assess such abutting property owners accordingly, the first installment being due September 1, 1948, and the balance in four equal installments during the succeeding four years.

The minutes show that counsel for plaintiff duly appeared and objected to the proceedings. Action on the resolution was held over from a previous meeting to permit due consideration of the objections. The resolution was finally adopted, following the usual policy of assessing abutting property owners.

The controlling provision of the charter compelling this court to the conclusion a judgment must enter for defendant is the following (tit. XIII): " § 121. * * * In case any tax or assessment of any kind shall be void or fail for want of jurisdiction, or because of any omission or irregularity in any respect in the levying or assessment thereof, or in the sale, or proceedings taken for the sale of real estate upon which it was assessed, the council shall have power, and it shall be its duty, to cause the reassessment of such property, or of the proper amount of such tax or assessment thereof; or may order the assessor to reassess the cost of a local improvement thereof, or may direct a resale of such property; any such reassessment shall for all the purposes of this act be deemed and taken to be an original assessment ".

Plaintiff urges with some force that an assessor cannot " reassess " the cost unless the cost has already been

" assessed ", that if the procedure here attempted were allowed, the council could at any time, levy for a local improvement completed five to fifty years ago.

The answer is the much-repeated saying that one must be deemed to know the law. The lawgiving power of the Legislature has established the law in the Charter of the City of Watertown. For change, application must be made to the same body unless declared by the courts to be unconstitutional. (See *Matter of Laying Sewers,* 134 Misc. 810.)

In the city of Syracuse, four years after the widening of Onondaga Street, the common council assessed the cost upon adjacent property claimed by the city to have been benefited, whereas theretofore the city had imposed the cost of a contiguous section of the same street that had been widened upon the city generally. On a second appeal to the Appellate Division, Fourth Department, the court refused to uphold a contention that the delay in making the assessment by the City of Syracuse for more than three years worked an equitable estoppel against the collection of the assessment. The court held that the ordinance directing the assessment did not violate the provisions of the Fourteenth Amendment to the Constitution of the United States, in other words, that it did not deny relator the equal protection of our laws. The Court of Appeals sustained this finding in *People ex rel. Schick* v. *Marvin* (275 N. Y. 587, affg. 249 App. Div. 293).

Accordingly, in the instant action judgment may enter dismissing the complaint and declarations made therein as demanded in the amended answer of defendant, without costs to any of the parties.